## A06A0297. PATTERSON v. LOPEZ.
(632 SE2d 736)

RUFFIN, Chief Judge.

Following an automobile collision, Mollie Patterson sued Miguel Garcia, who was driving the van that struck her, and Domingo Lopez, the owner of the van. Garcia moved to dismiss the complaint based upon insufficient service of process. Lopez filed a motion for summary judgment, arguing that he could not be held liable for Garcia's alleged negligence. The trial court granted both motions. In six enumerations of error, Patterson challenges the trial court's order granting Garcia's motion to dismiss. In a seventh enumeration of error, Patterson contends the trial court erred in granting Lopez's motion for summary judgment. Finding no error, we affirm.

1. As a threshold matter, we must consider whether Patterson has preserved her claims against Garcia. Although the trial court issued two separate orders, Patterson's notice of appeal expressly states that her appeal was from the "Order of the trial court . . . granting Summary Judgment to . . . Lopez." This Court has held on several occasions that a litigant is required to specify each order

---

[8] (Emphasis supplied.)

[9] See OCGA § 16-10-24 (b).

appealed in the notice of appeal and that failure to do so precludes appellate review of any order not specified.[1] Under this line of reasoning, Patterson's failure to include the trial court's ruling on Garcia's motion to dismiss in her notice of appeal is fatal to her claim.

We note, however, that the Supreme Court recently granted certiorari to address this issue. And our Supreme Court has held that "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court" including those orders not listed in the notice of appeal.[2] Given the uncertainty in this area of law, we will address Patterson's claims notwithstanding her poorly drafted notice of appeal. In any event, we find Patterson's enumerations of error lack merit.

2. In six enumerations of error, Patterson contends that the trial court erred in dismissing her complaint against Garcia for insufficient service of process. Absent an abuse of discretion, however, we will affirm a trial court's finding of insufficient service of process.[3] We find no abuse of discretion here.

First, we note that although Patterson sets forth a number of facts to support her argument, few of these facts are supported with citations of the record and those citations that are provided do not comport with our rules. Pursuant to Court of Appeals Rule 25 (a) (1), "[r]ecord and transcript citations must be to the volume or part of the record or transcript and the page numbers that appear on the appellate records or transcript as sent from the court below." We take this opportunity to reiterate that "[o]ur requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court."[4] With respect to our requirement that briefs contain appropriate citation of the record, we note that it is not our job to cull the record on behalf of a party.[5] Given the shortcomings of Patterson's brief, we would be within our

---

[1] See *Mateen v. Dicus*, 275 Ga. App. 742, 743-744 (1) (621 SE2d 487) (2005); *Bowers v. Lee*, 259 Ga. App. 382, 384 (2) (577 SE2d 9) (2003); and *Hazelwood v. Adams*, 235 Ga. App. 607 (1) (510 SE2d 147) (1998), rev'd on other grounds, *Adams v. Hazelwood*, 271 Ga. 414 (520 SE2d 896) (1999).

[2] *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

[3] See *Williams v. Resurgens &c. Orthopaedists*, 267 Ga. App. 578, 578-579 (1) (600 SE2d 378) (2004).

[4] (Punctuation omitted.) *Hay v. Newton County*, 273 Ga. App. 423 (615 SE2d 234) (2005).

[5] See *Williams*, supra at 579.

authority to dismiss the appeal.[6] However, the appellee has provided sufficient citation of the record for us to generally address Patterson's enumerations of error.

The record shows that on December 19, 2002, Garcia, while driving a vehicle owned by Lopez, allegedly rear-ended a vehicle occupied by Patterson. Patterson filed a personal injury suit against Garcia and Lopez on November 29, 2004, less than a month before the statute of limitation expired.[7] Service of process on Garcia was first attempted on December 11, 2004. The sheriff's department did not attempt to serve Garcia again until January 5, 2005, *after* the statute of limitation had expired. Apparently, the second time service was attempted, the sheriff's deputy was told that Garcia had moved. In February 2005, after Garcia had filed an answer in which he raised the defense of insufficient service of process, a private investigator retained by Patterson attempted to locate Garcia in North Carolina. According to Patterson, the investigator was unable to find Garcia because Garcia provided a fictitious address to authorities.

On February 18, 2005, Garcia moved to dismiss the complaint against him, arguing that he was never served with the complaint. The trial court conducted a hearing on the motion during which Garcia's attorney stated: "Mr. Garcia does have a permanent address. I have the permanent address. . . . I've met with Mr. Garcia on two occasions . . . [and] he has not tried to conceal or hide himself." Following the hearing, the trial court granted Garcia's motion, finding inter alia that Patterson was guilty of laches and had failed to exercise the required degree of diligence in perfecting service on Garcia.

"The mere filing of a complaint does not commence suit unless timely service is perfected as required by law."[8] And when such service is not timely made, "[t]he plaintiff bears the burden of showing lack of fault."[9] If an action is commenced within the applicable statute of limitation, but is not served upon the defendant either within five days or within the limitation period, the plaintiff must show that she acted in a reasonable and diligent manner in attempting to ensure that proper service was effected as quickly as possible.[10] "[I]f [s]he is guilty of laches in this regard, service will not

---

[6] See Court of Appeals Rule 7 ("Breach of any rule of the Court of Appeals . . . may subject the appeal to dismissal.").

[7] See OCGA § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues.").

[8] *Tate v. Coastal Utilities*, 247 Ga. App. 738, 739 (1) (545 SE2d 124) (2001).

[9] (Punctuation omitted.) *Bailey v. Lawrence*, 235 Ga. App. 73, 77 (2) (508 SE2d 450) (1998).

[10] See *Neely v. Jones*, 271 Ga. App. 487, 488 (1) (610 SE2d 133) (2005).

relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation."[11]

Here, Patterson attempted to serve Garcia only once prior to the expiration of the statute of limitation. Upon encountering difficulty locating Garcia, Patterson's response was delayed at best. Indeed, notwithstanding the imminent running of the statute of limitation, Patterson did not even try to serve Garcia until weeks later, after the statute had run. Under these circumstances, we cannot say the trial court abused its discretion in finding her guilty of laches.[12]

On appeal, Patterson contends she should not be found guilty of laches as it is apparent that Garcia was attempting to elude service. In determining whether Patterson exercised diligence, however, we focus on her actions, not Garcia's.[13] "The fact that a defendant may be hard to find does not justify a lack of effort on the part of a plaintiff."[14] Accordingly, this argument presents no basis for reversal.

3. In view of our holding in Division 2, we need not address Patterson's remaining enumerations of error pertaining to Garcia.

4. We also find no error with respect to the trial court's grant of summary judgment to Lopez. "A defendant may prevail at summary judgment by demonstrating that there is no jury issue on at least one essential element of the plaintiff's case."[15] Here, Patterson asserted that Lopez was liable under the family purpose doctrine.[16]

To sustain a claim under this doctrine, Patterson must show that: (1) Lopez owned or had an interest in or control over the vehicle; (2) Lopez made the vehicle available for family use; (3) Garcia was a member of Lopez's *immediate household* at the time of the collision; and (4) Garcia drove the vehicle with Lopez's permission or acquiescence.[17] In support of Lopez's motion for summary judgment, both Garcia and Lopez submitted affidavits in which they averred that Garcia was not a member of Lopez's immediate household. In view of this evidence, the trial court did not err in finding that Lopez could not be liable under the family purpose doctrine.[18]

On appeal, Patterson argues that it can be inferred that Garcia resided at the Lopez residence because "an occupant" at the residence

---

[11] (Punctuation omitted.) Id.

[12] See id.; *Williams*, supra at 578-579 (1); *Andrews v. Stark*, 264 Ga. App. 792, 794 (2) (592 SE2d 438) (2003).

[13] See *Ingraham v. Marr*, 246 Ga. App. 445, 447 (2) (540 SE2d 652) (2000).

[14] Id.

[15] Id. at 445 (1).

[16] Patterson also sought to hold Lopez liable under theories of respondeat superior and/or agency. The trial court granted summary judgment on these claims, which Patterson has apparently abandoned on appeal.

[17] See *Hurley v. Brown*, 255 Ga. App. 151, 152 (564 SE2d 558) (2002).

[18] See *Ingraham*, supra at 446.

allegedly told the sheriff's deputy that Garcia "had 'moved' " from the residence when service was attempted in January 2005. However, when Lopez tendered his affidavit in support of his motion for summary judgment, the burden shifted to Patterson to present *competent* evidence to create an issue of fact.[19] And hearsay does not constitute competent evidence for purposes of summary judgment.[20] Although the entry of service form might constitute competent evidence that service was attempted, we fail to see how a statement allegedly made to the serving officer could be considered anything other than hearsay.[21] Patterson also argues that the fact that the accident occurred in the early morning suggests that Garcia and Lopez shared a household. This, however, is mere speculation on Patterson's part, which is insufficient to sustain Patterson's burden as "speculation which raises merely a conjecture or possibility is not sufficient to create even an inference of fact for consideration on summary judgment."[22] Accordingly, the trial court properly granted summary judgment to Lopez.[23]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006.

*Theresa F. Patterson*, for appellant.
*Harper, Waldon & Craig, John B. Craig, Daniel C. Prout, Jr.*, for appellee.

---

[19] See *Monroe v. Hyundai Motor America*, 270 Ga. App. 477, 480 (606 SE2d 894) (2004) (trial court properly granted summary judgment where plaintiff failed to present competent evidence).

[20] See *Agnes Scott College v. Clark*, 273 Ga. App. 619, 620, n. 1 (616 SE2d 468) (2005).

[21] See *Brown v. State*, 274 Ga. 31, 32-33 (1) (549 SE2d 107) (2001) (narrative portions of police reports inadmissible, nonprobative hearsay).

[22] (Punctuation omitted.) *Emory Univ. v. Smith*, 260 Ga. App. 900, 902, n. 7 (581 SE2d 405) (2003).

[23] See *Hurley*, supra at 152-153.