## A07A0020. LIVINGSTON v. TAYLOR.
(644 SE2d 483)

RUFFIN, Judge.

Following an automobile collision, Rita Livingston filed suit against Robert Taylor. Taylor moved to dismiss the complaint based upon Livingston's failure to perfect service. The trial court granted the motion, and this appeal followed. As we find no abuse of discretion in the trial court's ruling, we affirm.

The relevant facts show that the collision allegedly occurred on November 4, 2002. On October 27, 2004 — approximately one week before the expiration of the statute of limitation — Livingston brought a personal injury action against Taylor.[1] According to the complaint, although Taylor was a resident of Georgia at the time of the collision, he had subsequently moved to York, Pennsylvania. Thus, Taylor was served via the secretary of state and by mailing a copy of the summons and complaint via certified mail to his Pennsylvania address.[2] The certified letter was returned as unclaimed.

Livingston also sent a copy of the summons and complaint to the sheriff of York County, Pennsylvania, and a deputy apparently made nine unsuccessful attempts to serve Taylor at his residence. On December 20, 2004, the York County Sheriff's Office returned the paperwork to Livingston's attorney, indicating that Taylor had never been served. No action was taken by Livingston until May 12, 2005, when she once again attempted to have Taylor served in Pennsylvania. At this point, Livingston learned that Taylor had moved to Richmond County, Georgia. An attempt was made to serve process on Taylor at his Richmond County address, but it too was unsuccessful. In June 2005, Livingston sought the appointment of a private investigator to act as process server. But according to Livingston, Taylor continued to evade service.

In September 2005, Taylor filed an answer to Livingston's complaint, challenging the sufficiency of service of process. Taylor subsequently moved to dismiss the complaint, and the trial court granted the motion. On appeal, Livingston contends that she acted with due diligence in attempting to serve Taylor and that any delay was caused by Taylor's evasion. She thus argues that the trial court abused its discretion in dismissing her complaint. We disagree.

Although we are troubled by what appears to be an effort to avoid service on the part of Taylor, our focus at the outset is on Livingston's

---

[1] See OCGA § 9-3-33 (two-year statute of limitation for personal injury claim).

[2] See OCGA § 40-12-2. Although Livingston initially attempted to serve Taylor under this nonresident provision of the Code, she subsequently acknowledged that such service was improper as Taylor was a Georgia resident at the time of the collision.

conduct rather than Taylor's.[3] And, in order to toll the statute of limitation after timely filing her complaint, Livingston "must show that [she] acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible or else [she] is guilty of laches."[4] "The determination of whether the plaintiff [is] guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitation is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse."[5] Moreover, when there has been a delay in serving notice of a complaint, the plaintiff bears the burden of showing lack of fault for such delay.[6]

At the hearing on Taylor's motion to dismiss, the trial court agreed that Livingston exercised due diligence from the time the complaint was filed until December 20, 2004, when the York County sheriff returned the complaint and summons without having served Taylor. However, the trial court faulted Livingston for taking no action from that date until May 2005, and concluded that she had failed to exercise due diligence in serving Taylor. "Due diligence 'is a question of fact which addresses itself in the first instance to the discretion of the trial court.' "[7] Under the facts here, we cannot say that the trial court abused its discretion in concluding that Livingston failed to exercise due diligence.[8]

The case cited by Livingston, *Feinour v. Ricker Co.*,[9] does not require a different result. In that case, we found that the trial court abused its discretion in finding the plaintiff guilty of laches where the plaintiff's efforts to serve the defendant were continuous. Here, however, Livingston's efforts were not continuous. To the contrary, after learning of the difficulty serving Taylor in Pennsylvania, she made no effort to serve him for nearly six months. Accordingly, the trial court did not abuse its discretion in dismissing Livingston's complaint.[10]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[3] See *Patterson v. Lopez*, 279 Ga. App. 840, 843 (2) (632 SE2d 736) (2006) (" 'The fact that a defendant may be hard to find does not justify a lack of effort on the part of [the] plaintiff.' ").

[4] *Bailey v. Bailey*, 252 Ga. App. 175, 176 (1) (555 SE2d 853) (2001).

[5] (Punctuation omitted.) *Saxton v. Davis*, 262 Ga. App. 72, 74 (2) (584 SE2d 683) (2003).

[6] See *Scott v. Taylor*, 234 Ga. App. 543 (507 SE2d 798) (1998).

[7] *Leach v. Monroy*, 237 Ga. App. 855, 856 (517 SE2d 95) (1999).

[8] See *Patterson*, supra at 842-843; *Scott*, supra (trial court did not abuse discretion in finding plaintiff guilty of laches where complaint served 32 days after statute of limitation lapsed); compare *Parker v. Shreve*, 244 Ga. App. 350, 352 (535 SE2d 332) (2000) (trial court abused discretion by finding plaintiff guilty of laches when service made 12 days after statute of limitation expired) (physical precedent only).

[9] 269 Ga. App. 508 (604 SE2d 588) (2004).

[10] See *Patterson*, supra; *Scott*, supra.

DECIDED MARCH 28, 2007.

*Victor Hawk*, for appellant.
*Fulcher Hagler, Sonja R. Tate*, for appellee.