A07A2392. MONTAGUE v. GODFREY et al.

(657 SE2d 630)

BERNES, Judge.

Shortly before expiration of the statute of limitation, Taylor Montague brought suit against Vanilda Camilo and her employer, Gary Godfrey, individually and d/b/a Baker Imported Auto Parts ("Baker Imported"), seeking damages arising out of an automobile collision. The trial court granted Camilo's motion to dismiss on the ground that Montague had failed to diligently serve her after the running of the limitation period, and denied Montague's motion to serve her by publication. The trial court then granted Baker Imported's motion for summary judgment. Montague now appeals these three rulings. For the reasons discussed below, we affirm the grant of Camilo's motion to dismiss and the denial of Montague's motion for service by publication, but we reverse the grant of Baker Imported's motion for summary judgment.

The record reflects that on or about June 26, 2002, Montague was in an automobile accident involving a vehicle driven by Camilo and owned by Baker Imported. It is undisputed that at the time of the accident, Camilo was an employee of Baker Imported and was operating the vehicle with the express permission of her employer.

On June 11, 2004, 15 days before the statute of limitation expired,[1] Montague filed the instant personal injury suit naming Camilo and Baker Imported as defendants. The complaint alleged that Camilo was liable because she had negligently stricken the rear

---

[1] See OCGA § 9-3-33 ("Actions for injuries to the person shall be brought within two years after the right of action accrues. . . .").

of Montague's vehicle, resulting in serious injury to his person. The complaint further alleged that Baker Imported was jointly and severally liable under theories of negligent entrustment and respondeat superior. Finally, the complaint stated that because the defendants may have been uninsured or underinsured at the time of the accident, Montague was making a claim upon his uninsured motorist carrier for the payment of damages for which the defendants were uninsured or underinsured.

Baker Imported was successfully and timely served with the summons and complaint. Additionally, in accordance with OCGA § 33-7-11 (d) of the uninsured motorist statute, a copy of the complaint was served upon Montague's uninsured motorist carrier. In contrast, Camilo was not successfully served. Rather, on June 20, 2004, a sheriff's deputy filed a "non est" return of service, writing on the return that Camilo was "not known" at the address listed for service.

On August 3, 2004, an answer was filed on behalf of Camilo that alleged, among other things, that the complaint was deficient by reason of insufficiency of service of process.[2] The answer was later amended to allege that the complaint was barred by the statute of limitation. On September 13, 2004, Camilo filed a motion to dismiss the complaint based on insufficiency of service and expiration of the statute of limitation.

Montague thereafter filed a motion requesting permission to serve Camilo by publication under the uninsured motorist statute, OCGA § 33-7-11 (e). In support of his motion, Montague submitted the affidavit of Scott Medine, an investigator employed by Montague's counsel. In the affidavit, Medine stated that on June 7, 2004, he was asked to determine Camilo's address. Medine further stated that "on several occasions" he visited the address listed for Camilo on the police report prepared as a result of the accident, but was told by a resident at that address that Camilo did not live there. According to Medine, he also attempted to locate Camilo at her last known place of employment; conducted a search of "court records, utility records, vehicle registration, drivers license, public records and postal records" in Georgia; and checked for hits on her name on "several data bases,

---

[2] The insurance carrier for Baker Imported retained defense counsel to represent both Baker Imported and Camilo. Hence, Camilo has been represented in this action, although Camilo has never been located and her whereabouts remain unknown to defense counsel. Montague has not challenged the right of defense counsel to represent and act on behalf of Camilo in this lawsuit.

one of which [was] a sub-prime locator, . . . over the last 45 days." Medine asserted that none of these efforts to locate Camilo had been successful.[3]

Montague then filed his response to Camilo's motion to dismiss, alleging that he had exercised due diligence in attempting to serve her, thereby tolling the limitation period. In support of his allegation that he had exercised due diligence, Montague relied solely upon the affidavit of Medine.

After hearing oral argument, the trial court entered an order granting Camilo's motion to dismiss the complaint "pursuant to OCGA §§ 9-11-12 (b) (5) and 9-11-12 (b) (6)" and denying Montague's motion for service by publication. Following entry of that order, Baker Imported moved for summary judgment on the ground that it could not be held vicariously liable under principles of respondeat superior because the dismissal of the complaint against Camilo was a judgment on the merits. Baker Imported also argued that it was entitled to summary judgment on Montague's negligent entrustment claim because there was no record evidence supporting that theory of recovery. The trial court subsequently granted summary judgment to Baker Imported, leading to this appeal.

1. Montague contends that the trial court erred in dismissing his complaint against Camilo because he exercised due diligence in attempting to serve her. We disagree.

> The mere filing of a complaint does not commence suit unless timely service is perfected as required by law. And when such service is not timely made, the plaintiff bears the burden of showing lack of fault. If an action is commenced within the applicable statute of limitation, but is not served upon the defendant either within five days or within the limitation period, the plaintiff must show that she acted in a reasonable and diligent manner in attempting to ensure that proper service was effected as quickly as possible. If [he] is guilty of laches in this regard, service will not relate back to the time of filing of the complaint for the purpose of tolling the statute of limitation.

---

[3] The day before the hearing on the motion for service by publication and the motion to dismiss, Montague attempted to submit an amended affidavit of Medine that contained a more detailed account of his alleged efforts to locate Camilo. The trial court struck the amended affidavit as untimely under OCGA § 9-11-6 (d). Montague does not challenge that ruling on appeal.

(Punctuation and footnotes omitted.) *Patterson v. Lopez,* 279 Ga. App. 840, 842-843 (2) (632 SE2d 736) (2006). Additionally, once a defendant raises the issue of insufficient service as a defense, "a plaintiff is, from that point forward, obligated to exercise not due diligence, but the greatest possible diligence to ensure proper and timely service." (Footnote and emphasis omitted.) *Busby v. Webb,* 247 Ga. App. 781, 782 (545 SE2d 132) (2001).[4] Whether a plaintiff has exercised the required diligence is a question of fact for the trial court's determination that will not be overturned absent an abuse of discretion. *Livingston v. Taylor,* 284 Ga. App. 638, 639 (644 SE2d 483) (2007).

Bearing these principles in mind, we conclude that the trial court acted within its discretion in finding that Montague did not satisfy his burden of showing that he diligently attempted to serve Camilo. An affidavit submitted in an effort to show diligence must provide specific dates and details, not simply generalized, summary statements. See *Parker v. Silviano,* 284 Ga. App. 278, 280 (1) (643 SE2d 819) (2007); *Cohen v. Allstate Ins. Co.,* 277 Ga. App. 437, 439 (1) (626 SE2d 628) (2006); *Wells v. Drain Doctor, Inc.,* 274 Ga. App. 127, 128 (616 SE2d 880) (2005); *Zeigler v. Hambrick,* 257 Ga. App. 356, 357 (2) (571 SE2d 418) (2002). If the affidavit fails to provide specific dates or a chronology of the plaintiff's efforts to effect service, the trial court is placed in the position of being unable to determine whether the plaintiff acted diligently or instead delayed or abandoned his efforts at some point in the litigation. Under such circumstances, the trial court is entitled to find that the plaintiff failed to show due diligence and is guilty of laches, since the plaintiff carries the burden of showing no "unexplained lapses" in time in attempting to effect service upon a defendant. *Duffy v. Lyles,* 281 Ga. App. 377, 379 (636 SE2d 91) (2006) (plaintiff was guilty of laches because she failed to point to any specific actions taken to effect service for a lapse of four months during the course of the litigation).[5]

---

[4] There is an apparent conflict in our case law over whether the plaintiff must exercise the greatest possible diligence from the point at which he first has notice of a problem with service of the complaint, or only from the point at which the defendant raises a service defense. See *Duffy v. Lyles,* 281 Ga. App. 377, 378 (636 SE2d 91) (2006) (citing cases and noting conflict in case law); *Harris v. Johns,* 274 Ga. App. 553, 554-555 (618 SE2d 1) (2005) (same). We need not resolve this apparent conflict in the present case, however, because the record fails to show that Montague exercised either reasonable diligence or the greatest possible diligence in attempting service at any point. See *Duffy,* 281 Ga. App. at 378.

[5] See also *Livingston,* 284 Ga. App. at 639 (although plaintiff showed diligence in attempting to effect service from the time the complaint was filed until December 2004, plaintiff nevertheless was guilty of laches because she failed to point to any specific actions she took to effect service from December 2004 to May 2005); *Parker,* 284 Ga. App. at 279-280 (1) (plaintiffs guilty of laches when they failed to cite to specific actions taken the first eighteen days after the complaint was filed); *Cohen,* 277 Ga. App. at 439 (1) (while plaintiffs initially took steps to locate and serve defendant after filing the complaint, plaintiffs were guilty of laches because they

Here, Montague relied solely upon the affidavit of Medine in an effort to show the required diligence. But, the affidavit did not contain sufficient dates or a chronology to demonstrate that diligence had been exercised. While Medine states in his affidavit that he was asked on June 7, 2004 to determine Camilo's address, no other specific dates are provided in the affidavit. The only other chronological reference is Medine's statement that he checked for hits on Camilo's name on "several data bases, one of which [was] a sub-prime locator, . . . over the last 45 days" prior to his execution of the affidavit on October 7, 2004. As such, the record is silent as to whether Montague diligently pursued service upon Camilo on an ongoing basis from June to October 2004, or whether there were any unreasonable lapses in time during this period when no efforts were made. The lack of such evidence in this case authorized the trial court to find that Montague failed to meet his burden, and so we affirm the grant of Camilo's motion to dismiss. See *Livingston*, 284 Ga. App. at 639; *Parker*, 284 Ga. App. at 279-280 (1); *Duffy*, 281 Ga. App. at 379; *Cohen*, 277 Ga. App. at 439 (1); *Wells*, 274 Ga. App. at 128.

2. Montague also argues that the trial court erred in denying his motion to serve Camilo by publication. We are unpersuaded.

Under the uninsured motorist statute, a plaintiff may use service by publication on a defendant to obtain a nominal judgment, so that the plaintiff may proceed against his uninsured motorist carrier. See OCGA § 33-7-11 (d), (e). However, in order to obtain permission to serve a defendant by publication, the plaintiff must show that the defendant "resides out of the state, has departed from the state, cannot after due diligence be found within the state, or conceals himself to avoid the service of summons." OCGA § 33-7-11 (e).

Relying upon the affidavit of Medine, Montague asserts that service by publication was warranted because Camilo has concealed herself to avoid service. See *Wentworth v. Fireman's Fund &c. Ins. Cos.*, 147 Ga. App. 854, 858 (III) (b) (250 SE2d 543) (1978) (noting that a "motion for service by publication must be granted, without regard to any questions of due diligence, if it is shown that the alleged tortfeasor has concealed himself to avoid the service of summons") (punctuation omitted). But, the affidavit of Medine simply reflects that efforts to locate Camilo have been unsuccessful, and a finding

---

failed to point to any specific actions taken after the limitations period expired during the course of the litigation); *Wells*, 274 Ga. App. at 128 (plaintiff was guilty of laches because he failed to point to any specific actions he took to effect service in the two months following the filing of the complaint). Compare *Deloach v. Hewes*, 211 Ga. App. 321 (439 SE2d 94) (1993) (plaintiff not guilty of laches where plaintiff showed that the lapse in time was caused by the failure of the marshal's office to carry out its statutory duty or to communicate with the plaintiff, despite the plaintiff's best efforts to ascertain from the office whether service had been attempted).

that a defendant is concealing herself to avoid service requires more than evidence that the defendant simply cannot be located or has moved to a new location. See *Cohen*, 277 Ga. App. at 439 (1) (plaintiff failed to show that defendant was evading service where evidence showed only that he had "moved several times"). Compare *Melton v. Johnson*, 242 Ga. 400, 401-403 (249 SE2d 82) (1978) (finding evidence of evasion where, among other things, the defendant told the plaintiff over the telephone that he would not allow himself to be served). Consequently, the trial court committed no error in denying Montague's motion for service by publication.

3. Lastly, Montague contends that the trial court erred in granting summary judgment to Baker Imported on the respondeat superior claim.[6] Specifically, he contends that the dismissal of the complaint against Camilo was not an adjudication on the merits and thus did not bar his respondeat superior claim against Baker Imported. We agree.

"Where the liability of the employer to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior, a judgment on the merits in favor of the employee and against the third person is res judicata in favor of the employer in a suit by such third person." (Citation and punctuation omitted.) *Hedquist v. Merrill Lynch &c.*, 272 Ga. 209, 210 (1) (528 SE2d 508) (2000). Dismissal of an action for insufficient service of process under OCGA § 9-11-12 (b) (5) does not constitute a judgment on the merits. See *Wyatt v. House*, 287 Ga. App. 739, 743 (4) (652 SE2d 627) (2007); *Palmer v. Constantin*, 256 Ga. App. 233, 234 (2) (568 SE2d 79) (2002). In contrast, dismissal based upon expiration of the statute of limitation under OCGA § 9-11-12 (b) (6) "is a decision on the merits, and the doctrine of res judicata bars a subsequent lawsuit on [such a] claim." (Citation omitted.) *Towe v. Connors*, 284 Ga. App. 320, 321 (644 SE2d 176) (2007).

Here, the trial court dismissed the complaint against Camilo based on insufficiency of service of process *and* expiration of the statute of limitation, explicitly stating that the dismissal was "pursuant to OCGA §§ 9-11-12 (b) (5) and 9-11-12 (b) (6)." However, a trial court must first resolve all service and jurisdictional issues that have been properly raised before ruling on the merits. See *Smith v. Atlantic Mut. Cos.*, 283 Ga. App. 349, 351-352 (2) (641 SE2d 586) (2007); *Baiye v. Gober*, 254 Ga. App. 288, 290 (2) (562 SE2d 249) (2002); *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991). And, if the trial court concludes that service was not perfected and thus that it

---

[6] Montague does not challenge on appeal the trial court's grant of summary judgment to Baker Imported on the negligent entrustment claim.

lacks jurisdiction over the defendant's person, the trial court is then without jurisdiction to rule on the merits. *South v. Montoya*, 244 Ga. App. 52, 53 (2) (537 SE2d 367) (2000) (once trial court determined that service was insufficient, it lacked jurisdiction to address statute of limitation defense). See also *Hight*, 199 Ga. App. at 745 (noting that a "statute of limitation defense is a matter to be considered by a court having proper jurisdiction of the merits") (citation omitted).

In light of this case law, the trial court in the present case was first required to rule upon whether the complaint against Camilo should be dismissed for insufficient service of process under OCGA § 9-11-12 (b) (5). Having ruled as it did that dismissal was appropriate on that ground, the trial court lacked jurisdiction to proceed to rule upon whether the complaint should be dismissed on the merits under OCGA § 9-11-12 (b) (6). See *South*, 244 Ga. App. at 53 (2). Because dismissal was appropriate only under OCGA § 9-11-12 (b) (5), the dismissal of Montague's complaint against Camilo cannot be treated as an adjudication on the merits. It follows that principles of res judicata do not apply to bar Montague's respondeat superior claim against Baker Imported, and we therefore reverse the trial court's grant of summary judgment in favor of Baker Imported on that claim and remand for further action consistent with this opinion.

*Judgment affirmed in part and reversed in part, and case remanded. Ruffin, J., concurs. Blackburn, P. J., concurs in judgment only.*

DECIDED FEBRUARY 8, 2008.

*Scott & Wells, Donald T. Wells, Jr.*, for appellant.

*Swift, Currie, McGhee & Hiers, Yoon J. Ettinger, Terry O. Brantley, Gray, Rust, St. Amand, Moffett & Brieske, John M. DeFoor II, Robert E. Mulholland*, for appellees.