A08A2056. LONG v. BELLAMY.

(674 SE2d 120)

BERNES, Judge.

After dismissing her first lawsuit, Karen M. Bellamy filed this renewal suit seeking compensation for personal injuries, but she did not secure service on the defendant, Kimberly F. Long, until over a year later, after expiration of the statute of limitation. The trial court denied Long's motion to dismiss, or in the alternative, for summary judgment in which Long argued that the limitation period had expired and Bellamy had not exercised due diligence in perfecting service. The case was tried before a jury, which returned a verdict in

favor of Bellamy. We conclude that as a matter of law Bellamy failed to diligently serve Long and, therefore, reverse.

This case arises out of an automobile collision that occurred on November 20, 2002. Because the statute of limitation for personal injury actions is two years, OCGA § 9-3-33, the limitation period for a negligence suit arising out of the collision was set to expire on November 20, 2004, unless otherwise tolled.

Bellamy filed her negligence suit against Long in January 2004 and perfected service upon Long the following month. On June 23, 2005, Bellamy voluntarily dismissed her first lawsuit without prejudice, and shortly thereafter, on June 30, 2005, she filed the instant renewal action, but failed to serve Long with the summons and renewed complaint. Long answered and raised the defenses of, among other things, insufficient service of process and expiration of the statute of limitation.

Two months later, Long filed a motion to dismiss, or in the alternative, for summary judgment on the same grounds. According to Long, the renewal action had to be dismissed because the limitation period had expired and service still had not been perfected.[1] In response, Bellamy filed a motion for service by publication, asserting in an accompanying affidavit from her attorney that numerous attempts had been made to locate Long but that she was evading service. On January 3, 2006, the trial court granted Bellamy's motion for service by publication. The trial court also denied Long's motion for summary judgment, ruling that "valid personal service may yet be made which would relate back so as to toll the statute of limitation if proper diligence is shown."

On July 28, 2006, Long was personally served with the summons and renewed complaint, after which Long filed a renewed motion to dismiss, or in the alternative, for summary judgment. Long asserted that the renewal action had to be dismissed because Bellamy had failed to exercise due diligence in perfecting service and that, as a result, the limitation period had not been tolled. Bellamy initially did not file a response brief, but later submitted the affidavits of her attorney and a private investigator to support her claim of due

---

[1] Although Long styled her motion simply as a motion for summary judgment, her motion was in fact a motion to dismiss, or in the alternative, for summary judgment. See *Roberts v. Bienert*, 183 Ga. App. 751, 754-755 (2) (360 SE2d 25) (1987) ("The well established rule in Georgia is that . . . the substance, rather than the nomenclature, of legal pleadings determines their nature.") (citation and punctuation omitted). Summary judgment is not the proper procedural vehicle for raising the defense of insufficient service of process; rather, the defendant should move to dismiss the complaint and apply for a preliminary hearing under OCGA § 9-11-12 (d). See id. In contrast, "[t]he affirmative defense of the statute of limitation asserts a bar to recovery and not merely the abatement of an action and is thus a proper issue for disposition by motion for summary judgment." *Kannady v. State Farm &c. Ins. Co.*, 214 Ga. App. 492, 495-496 (7) (448 SE2d 374) (1994).

diligence. Following oral argument of the parties at a pretrial hearing, the trial court denied the renewed motion. The case proceeded to trial, the jury returned a verdict in favor of Bellamy, and judgment was entered accordingly. This appeal followed.

1. In her first enumeration of error, Long maintains that, as a matter of law, Bellamy failed to come forward with sufficient evidence to prove due diligence in perfecting service of the summons and renewed complaint after expiration of the statute of limitation. Consequently, Long argues that the trial court should have granted her renewed motion to dismiss, or in the alternative, for summary judgment on the grounds of insufficient service of process and expiration of the statute of limitation.

(a) As a threshold matter, we must consider whether, as Bellamy contends, Long waived her insufficient service of process and statute of limitation defenses because the defenses were not listed in the pretrial order.[2] A pretrial order "limits the issues for trial to those not disposed of by admissions or agreements of counsel." OCGA § 9-11-16 (b). The general rule is that any issue omitted from the pretrial order is waived. See *Long v. Marion*, 257 Ga. 431, 433-434 (2) (360 SE2d 255) (1987). But "[o]mission of an issue from a pretrial order is not controlling if evidence pertaining to the issue is introduced without objection, the opposing party is not unfairly surprised, and the issue is actually litigated." *Dunkin' Donuts of America v. Gebar, Inc.*, 202 Ga. App. 450, 451 (1) (b) (414 SE2d 683) (1992). See also OCGA § 9-11-15 (b); *Bowers v. Howell*, 203 Ga. App. 636, 637-638 (1) (417 SE2d 392) (1992); *Carreras v. Austell Box Bd. Corp.*, 154 Ga. App. 135, 136-138 (2) (267 SE2d 792) (1980). If that test is met, the pretrial order is treated as impliedly amended to include the issue. See id.

Here, the trial court entertained and ruled upon the merits of Long's renewed motion raising the insufficient service of process and statute of limitation defenses *after* the trial court had entered the pretrial order that failed to list those defenses. And, at the pretrial hearing on the renewed motion, Bellamy did not express any surprise or object to the raising of the defenses. Instead, Bellamy argued against the grant of the renewed motion based solely on the merits and submitted affidavits in support of her position. In truth, the issue of waiver was not raised at all until the appeal of this case.

---

[2] After the pretrial order entered in the case was misplaced by the clerk of court, the parties hotly disputed which pretrial order had been entered and whether the order that was finally entered had listed the insufficient service of process and statute of limitation defenses. As a result, this appeal initially was remanded for a hearing pursuant to OCGA § 5-6-41 (f) to resolve the differences between the parties and make the record conform to the truth. The trial court thereafter conducted an evidentiary hearing and entered an order resolving which pretrial order had been entered in the case, namely, the one that did not list the defenses.

Under these circumstances, the pretrial order was impliedly amended to include the defenses in question. See OCGA § 9-11-15 (b); *Bowers*, 203 Ga. App. at 637-638 (1); *Dunkin' Donuts of America*, 202 Ga. App. at 451 (1) (b); *Carreras*, 154 Ga. App. at 136-138 (2).

(b) We likewise disagree with Bellamy's contention that Long waived any defense predicated on the delay in service of process by appearing and participating in the trial on the merits. It is true that a defendant waives an otherwise valid objection to service of process if he or she "substantially participated in litigation on the merits *before* raising the objection for decision by the court." (Emphasis supplied.) *Exum v. Melton*, 244 Ga. App. 775, 777 (2) (b) (536 SE2d 786) (2000). See *Oasis Goodtime Emporium I v. Cambridge Capital Group*, 234 Ga. App. 641, 643 (3) (507 SE2d 823) (1998); *Harrell v. Gomez*, 174 Ga. App. 8, 10 (3) (329 SE2d 302) (1985); *Wheeler's, Inc. v. Wilson*, 196 Ga. App. 622, 623 (396 SE2d 790) (1990) (physical precedent only). But Long raised her objections to service in her answer, in her motion to dismiss, and in the alternative, for summary judgment, and again in her renewed motion, all before the case was litigated on the merits at trial. No waiver, therefore, occurred in this case. See id.

(c) We now turn to the substance of Long's defenses of insufficient service of process and expiration of the statute of limitation.

> OCGA § 9-2-61 (a) provides that a plaintiff may refile an action she previously dismissed within the original applicable statute of limitation or within six months after the dismissal, whichever is later. A renewed lawsuit under OCGA § 9-2-61 (a) is an action de novo; therefore, the procedural requirements of filing a new complaint and perfecting service must be met anew. Diligence in perfecting service in a renewal action must be measured from the time of filing the renewed suit. Because service of the renewal action in this case was not perfected within the six-month renewal period, [Bellamy] [had] the burden of showing that she acted in a reasonable and diligent manner in attempting to ensure that proper service was made as quickly as possible.

(Punctuation and footnote omitted.) *Magsalin v. Chace*, 255 Ga. App. 146, 147 (1) (564 SE2d 554) (2002). If Bellamy failed to meet her burden of proving due diligence, then she was guilty of laches, and service did not relate back to the time of filing the renewed complaint for the purpose of tolling the statute of limitation. See *Patterson v. Lopez*, 279 Ga. App. 840, 842-843 (2) (632 SE2d 736) (2006). And whether Bellamy met her burden in this regard was a question of

fact for the trial court's determination that will not be overturned absent an abuse of discretion. See *Livingston v. Taylor*, 284 Ga. App. 638, 639 (644 SE2d 483) (2007).

In arguing that the trial court acted within its discretion in finding that she exercised due diligence in perfecting service, Bellamy points out that during the course of the proceedings, the trial court entered an order granting her motion to serve Long by publication.

> Even though service by publication is insufficient to confer in personam jurisdiction over [a] defendant, by granting the order permitting service by publication the trial court, in effect, made a finding of due diligence. Thus, as of the date of the order granting the request for service by publication, the trial court found [that Bellamy] had been diligent in the attempt to locate [Long].

(Citations and punctuation omitted.) *Smith v. Johnson*, 209 Ga. App. 305, 306 (1) (433 SE2d 404) (1993). See *Starr v. Wimbush*, 201 Ga. App. 280, 282 (2) (410 SE2d 776) (1991). Another seven months passed before Long was served, however, and Bellamy was required to further prove that she exercised due diligence during that subsequent period. See *Smith*, 209 Ga. App. at 306 (1). Indeed, Bellamy was required to prove that she exercised "the greatest possible diligence to ensure proper and timely service" after the publication order was entered, since she clearly knew by that point that there was a problem with serving Long. (Punctuation and footnote omitted.) *Baxley v. Baldwin*, 279 Ga. App. 480, 482 (3) (631 SE2d 506) (2006).[3]

Having reviewed the record in this case, we conclude that Bellamy failed to demonstrate that she acted with the greatest possible diligence in perfecting service upon Long after entry of the order for service by publication. In an effort to prove such diligence, Bellamy relied upon the affidavits of her attorney and a private investigator who was hired to locate Long. As a matter of law, however, neither affidavit was sufficient to prove the required level of diligence.

In his affidavit, Bellamy's attorney averred that following entry of the order for service by publication, he retained the services of a

---

[3] Our case law appears to conflict over whether the plaintiff must exercise the greatest possible diligence from the point at which the defendant raises a service defense, or only from the point that she first has notice of a problem with service. See *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006) (comparing cases). Under either formulation of the test, Bellamy was required to exercise the greatest possible diligence by the time the order for service by publication had been entered.

private investigator, who "undertook an exhaustive search" for Long, resulting in Long being located and served. Other than these summary statements, the affidavit provided no additional details concerning what specific efforts were made by the investigator as part of the search to locate Long. But "[a] plaintiff must provide specific dates or details to show diligence and cannot rely on conclusory statements." (Citation and punctuation omitted.) *McGhee v. Jones*, 287 Ga. App. 345, 346 (1) (652 SE2d 163) (2007). See also *Baxley*, 279 Ga. App. at 481 (1) (conclusory statements in an affidavit should be stricken or disregarded by the trial court). Accordingly, the attorney's affidavit was insufficient as a matter of law to prove that Bellamy exercised the greatest possible diligence in perfecting service upon Long. See *McGhee*, 287 Ga. App. at 346 (1) (rejecting attorney's affidavit "stating that he engaged a skip-tracing service and hired a private investigator to locate the [defendants] and that he believed he was getting 'warm' to 'hot' in the effort to locate and serve the [defendants]") (punctuation omitted); *Baxley*, 279 Ga. App. at 481 (rejecting affidavit stating in conclusory fashion that "[d]iligent efforts were made to serve the [d]efendant").

Likewise, in his affidavit, the private investigator averred that he was hired by Bellamy to locate Long, and that

> [t]he investigation conducted by [his] office involved numerous hours and included checking [Long]'s previous residence, as well as contacting various administrative and law enforcement agencies, housing authorities, homeless shelters and social services, Department of Corrections, the Parole Board and various probation offices.

The investigator's affidavit did not provide any additional information concerning the specifics of the investigation conducted beyond this general statement. Nor did it contain any dates or a chronology to show that the investigator's efforts to locate Long were persistent over the seven-month period following entry of the order for service by publication.

> An affidavit submitted in an effort to show diligence must provide specific dates and details, not simply generalized, summary statements. If the affidavit fails to provide specific dates or a chronology of the plaintiff's efforts to effect service, the trial court is placed in the position of being unable to determine whether the plaintiff acted diligently or instead delayed or abandoned his efforts at some point in the litigation.

(Citations omitted.) *Montague v. Godfrey*, 289 Ga. App. 552, 555 (1)

(657 SE2d 630) (2008) (physical precedent only). See also *Dickson v. Amick*, 291 Ga. App. 557, 560 (1) (662 SE2d 333) (2008) (statements in affidavits that plaintiffs "had conducted internet searches as well as post office searches" were insufficient to prove due diligence, where there was no information in the affidavits concerning specifically when or how often the searches were done in the course of attempting service); *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33) (1990) (to prove due diligence, an affidavit should contain information "to establish the dates and frequencies of the acts taken to find [the defendant]"). Put another way, in the absence of specific details in the affidavit reflecting the dates or frequency of the efforts taken to locate the defendant, the plaintiff cannot establish due diligence because he or she is unable to show that there were "no unexplained lapses in time in attempting to effect service upon [the] defendant." (Citation and punctuation omitted.) *Montague*, 289 Ga. App. at 555 (1). See also id. at n. 5 (comparing cases); *Dickson*, 291 Ga. App. at 560 (1); *Cotton States Mut. Ins. Co.*, 194 Ga. App. at 826. Given that the investigator's efforts were described in general terms without reference to the dates or frequencies of those efforts, the affidavit was legally insufficient to demonstrate that Bellamy exercised the greatest possible diligence in perfecting service upon Long during the seven months that elapsed after entry of the publication order.

"[T]his Court is required to strictly apply the service requirements because notice is the very bedrock of due process." (Citations and punctuation omitted.) *Duffy v. Lyles*, 281 Ga. App. 377, 378 (636 SE2d 91) (2006). In light of Bellamy's failure as a matter of law to prove the greatest possible diligence in serving Long after entry of the order for service by publication, the trial court abused its discretion in denying Long's renewed motion to dismiss, or in the alternative, for summary judgment. We thus reverse the judgment and remand with the instruction that the trial court dismiss Bellamy's renewal action. See id. at 378-380 (trial court abused its discretion by finding due diligence); *Abelt v. Nelson*, 204 Ga. App. 501, 503-504 (419 SE2d 749) (1992) (same); *Land v. Casteel*, 195 Ga. App. 455, 457 (393 SE2d 710) (1990) (same).

2. Based on our conclusion in Division 1, we need not address Long's remaining enumerations of error.

*Judgment reversed and case remanded with instruction. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 23, 2009.

*James A. Neuberger*, for appellant.

*Wood, Odom & Edge, Arthur B. Edge IV*, for appellee.