### A10A0432. SCANLAN v. TATE SUPPLY COMPANY, INC.
(692 SE2d 684)

JOHNSON, Presiding Judge.

This is an appeal from the grant of summary judgment to a creditor in its action against an alleged guarantor. Because genuine issues of material fact remain, we reverse.

On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law.[1]

So viewed, the evidence shows that in April 2001, Tate Supply filed an action to collect on a past due commercial account, naming as defendants Santa Fe Construction & Mechanical, Inc., and "Fred Scanlan, Guarantor." The claim was founded upon an account statement dated December 25, 2000, which listed Tate Supply as the seller and Santa Fe Construction as the buyer, and upon a personal guaranty allegedly executed by Scanlan on February 25, 1999. Santa Fe Construction was served with the complaint, but Scanlan was not.

Santa Fe Construction retained attorney Robert D. Johnson to

---

[1] *Capital Color Printing v. Ahern*, 291 Ga. App. 101, 102 (661 SE2d 578) (2008).

represent it in the case. Scanlan had no knowledge that a complaint had been filed, and did not authorize Johnson to represent him. Nonetheless, Johnson filed an answer purportedly on behalf of both defendants.

In December 2001, Tate Supply filed a motion for summary judgment against Santa Fe Construction and Scanlan. Johnson did not file a response to the motion, and the trial court entered summary judgment against both defendants.

In March 2007, Scanlan filed a motion to set aside the judgment entered against him. In an affidavit filed with the motion, Scanlan stated that he was never served in the matter and had no knowledge of the action until he received notice that his bank accounts were being garnished to satisfy the judgment. Scanlan added that he was not a resident of Georgia when the action was filed, that he neither hired nor authorized an attorney to represent him in the case, and that he never made any appearances in the case. On January 4, 2008, the trial court granted Scanlan's motion, finding that Scanlan was never served and had no attorney-client relationship with Johnson.

On September 29, 2008, Tate Supply had Scanlan served with the complaint at his home in Florida. Scanlan answered, contending that the action is barred by the statute of limitation, that the Georgia court lacks personal jurisdiction over him, that service of process was untimely and therefore insufficient, and that the signature on the personal guaranty is not his. Tate Supply moved for summary judgment, which the trial court granted. Scanlan appeals.

Scanlan contends summary judgment was not proper because Tate Supply failed to demonstrate that it was entitled to judgment as a matter of law on issues of whether: (a) the Georgia court has personal jurisdiction over him; (b) Tate Supply showed due diligence in attempting to serve him within the statute of limitation period; and (c) he personally guaranteed Santa Fe Construction's debts.

(a) *Jurisdiction.* OCGA § 9-11-56 contemplates a judgment on the merits, and a motion for summary judgment is designed to test the merits of a claim.[2] Accordingly, a defense such as lack of personal jurisdiction is generally not a proper subject for summary judgment.[3] Tate Supply was not entitled to summary judgment on the issue of jurisdiction.[4]

(b) *Statute of Limitation.* Scanlan also argues that he was served with process seven years after the limitation period expired —

---

[2] *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 221 (633 SE2d 623) (2006).

[3] *Ogden Equipment Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974).

[4] See generally *Forest City Gun Club*, supra at 222 (rulings that were not judgments on the merits did not constitute a viable grant of partial summary judgment).

without Tate Supply having shown due diligence.[5] While the parties disagree regarding whether a two-year or a four-year statute of limitation period applies,[6] that issue is immaterial as it is clear that Scanlan was served several years beyond either limitation period.

When a complaint is filed within the statute of limitation, but service is not made within five days or within the period of limitation, the plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to ensure that proper service is made as quickly as possible.[7] Once the plaintiff becomes aware of a problem with service, however, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service.[8] The plaintiff must provide specific dates or details to show diligence.[9] Whether the plaintiff met that burden was a question of fact for the trial court's determination that will not be overturned absent an abuse of discretion.[10]

Here, Tate Supply had notice of a service of process issue at least as early as March 2007, when Scanlan filed the motion to set aside. And Tate Supply obviously knew of the service problem in January 2008, when the trial court determined that Scanlan had not been served and entered an order setting aside the judgment. Yet, Tate Supply did not serve Scanlan with process until September 2008, and Tate Supply points to no evidence showing that it exercised due diligence in attempting to effect service. In light of Tate Supply's failure as a matter of law to prove diligence in serving Scanlan, the trial court abused its discretion in granting summary judgment to Tate Supply.[11]

(c) *Personal Guaranty*. Scanlan raised in his answer the issue of whether the signature on the purported guaranty was authentic, and in his verified interrogatory response swore that his signature is not on any purported contracts with Tate Supply. Tate Supply did nothing to rebut this evidence.[12] Inasmuch as a question of material fact exists as to whether Scanlan signed the guaranty, the trial court erred in granting summary judgment to Tate Supply on this basis.[13]

---

[5] See *Jones v. Isom*, 223 Ga. App. 7, 8 (1) (477 SE2d 139) (1996).

[6] See OCGA §§ 11-2-725; 9-3-25.

[7] *Akuoko v. Martin*, 298 Ga. App. 364, 364-365 (1) (680 SE2d 471) (2009).

[8] Id. at 365 (1).

[9] Id.

[10] Id. at 366-367 (1); *Long v. Bellamy*, 296 Ga. App. 263, 266-267 (1) (c) (674 SE2d 120) (2009).

[11] See *State Farm Mut. Auto. Ins. Co. v. Manders*, 292 Ga. App. 793, 794 (1) (665 SE2d 886) (2008); *Moore v. Wilkerson*, 283 Ga. App. 340, 342-343 (641 SE2d 578) (2007).

[12] See *White Missionary Baptist Church v. Trustees of First Baptist &c.*, 268 Ga. 668, 669 (2) (492 SE2d 661) (1997).

[13] See *Capital Color Printing*, supra at 107-108 (2).

*Judgment reversed. Miller, C. J., and Phipps, J., concur.*

DECIDED MARCH 22, 2010.

*Christopher J. McFadden*, for appellant.
*Richard M. Howe*, for appellee.