## A11A0786. CLEVELAND v. KATZ.

(717 SE2d 500)

ADAMS, Judge.

Helen Cleveland appeals the trial court's order dismissing her renewal complaint on the grounds of failure to timely perfect service on Stephen M. Katz and the expiration of the statute of limitation. We review a trial court's dismissal of a complaint on these grounds for an abuse of discretion. See *Jones v. Brown*, 299 Ga. App. 418, 418-419 (683 SE2d 76) (2009); *Long v. Bellamy*, 296 Ga. App. 263, 266-267 (1) (c) (674 SE2d 120) (2009). Because we determine that the trial court failed to apply the proper standard in exercising its discretion, we vacate the trial court's order and remand for further proceedings.

In March 2003, Cleveland retained Katz, David E. Betts, and their law firm, Betts & Katz LLP, to represent her in pursuing claims against a former employer. After the litigation ended in an unfavorable result for Cleveland, she filed a legal malpractice action against

---

Katz, Betts and the firm[1] in December 2007, which she voluntarily dismissed on February 18, 2009. There appears to be no dispute that the statute of limitation on Cleveland's claims against Katz expired at some point prior to this voluntary dismissal. Cleveland then re-filed her action on Friday, August 14, 2009, four days before the six-month period for filing a renewal action expired pursuant to OCGA § 9-2-61 (a). Under OCGA § 9-11-4 (c), Cleveland had five days from the time of receiving the summons from the clerk to achieve service.

The facts surrounding Cleveland's attempts to serve Katz are in dispute. Cleveland asserts that Katz was evading service and submitted affidavits from three process servers and her attorney in support of her claim. Cleveland's counsel stated that he hired private process servers on Monday, August 17, 2009. The next day, he contacted his process servers who told him that they had been unsuccessful in serving Katz. The attorney states that he hired an additional process server and contacted the process servers daily from August 20 to September 8 to check on the status of Katz's service. He was informed on September 9 that Katz had been served on September 8 at 8:30 p.m.

Process server Daryl Brooks submitted an affidavit stating that he served Katz on September 8, 2009, by personally serving his wife Rachael at their home. Cleveland filed an affidavit of service with the trial court reflecting this service. Brooks further averred that he re-served Katz with the summons and complaint on September 19, 2009. Another process server, Chalie Abebe, averred that he twice attempted service on Katz on August 18, once at his home and once at his office. He left a note at Katz's office. Abebe stated that he next called Katz on August 20 and arranged to meet him the following morning, but Katz did not show for the meeting. Three attempts at service between August 22 and August 26 were also unsuccessful. David Weaver, a third process server, stated that Cleveland's counsel hired him on Monday, August 24, 2009, and he unsuccessfully attempted service on Katz at various times from Wednesday, August 26, 2009, through September 8, 2009, both at his home and at his office. No one would answer the door when he went to Katz's home. Weaver spoke with Rachael Katz on three occasions by telephone, and she told him that Katz was not available but she would call Weaver when he was available. She never called Weaver.

In response, Katz submitted his own affidavit detailing his

---

[1] Betts and the firm apparently reached a settlement with Cleveland and they were dismissed from the action on July 1, 2010, so they are not parties to this appeal.

whereabouts during the time Cleveland was attempting service.[2] Katz denied that he was attempting to evade service, but rather stated that he was in his office and at home every day during the relevant period, and no one attempted to serve him between August 14 and September 19, 2009. He stated that one process server called him at home on August 18, 2009, to arrange to meet the next day to serve him with a subpoena or a summons, but the individual called back fifteen minutes later and cancelled the appointment. In support of his affidavit, Katz produced records showing his usage of the Pacer online filing system used by the federal courts from the relevant period. He also submitted an affidavit from his office assistant, Crosrine Gayle, who stated that she was in the office during the relevant period and no one had attempted to serve Katz there.

Katz stated that on September 8, 2009, his son, Andrew, came by his house to pick up some sports equipment. When Katz answered the door, he noticed that Andrew was standing on some documents, which apparently had been dropped on his doorstep. When Katz examined the documents, he observed that they appeared to be the "unsigned, unstamped, undated summons and complaint in this action."[3] He stated that no process server knocked on the door or rang the bell at his house on September 8. Andrew Katz also submitted an affidavit supporting Katz's version of discovering the documents on the doorstep. Katz conceded, however, that a process server handed him a copy of the summons and complaint at his home on September 19, 2009.

In dismissing the complaint, the trial court held that Cleveland did not act with reasonable diligence in serving Katz. The court

---

[2] Katz stated in his affidavit and Cleveland's counsel admitted that Cleveland waited 11 months after filing the original action in December 2007 to serve Katz. Katz asserted that shortly after he filed a motion to dismiss for insufficiency of process in that action, Cleveland voluntarily dismissed her complaint. But our Supreme Court has held that "inasmuch as diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action." (Punctuation omitted.) *Robinson v. Boyd*, 288 Ga. 53, 55-57 (2) (701 SE2d 165) (2010).

[3] Katz argues that the electronically-generated summons Cleveland claims to have served upon him on September 8, 2009, was invalid because it was not signed, dated nor issued by the state court. In support of this argument, he submitted an affidavit from the Chief Clerk of the State Court of Fulton County, who averred that the document served upon him "is not a summons issued under the Rules and Procedures of the State Court of Fulton County and was not issued by the Clerk of this Court in the above styled action." Cleveland submitted a counter-affidavit from the Administrator of the Court, who averred that the summons was indeed valid, although the administrator's affidavit appeared to focus on whether the name of the deputy clerk appearing on the form was correct. Katz then filed a second affidavit from the Chief Clerk identifying the September 16 summons, served on Katz on September 19, as a valid summons. The second document is different in form from the summons Cleveland claims to have served on September 8, 2009. The trial court, however, did not reach this issue in dismissing the complaint against Katz, and we expressly do not reach that issue in this appeal.

found that Cleveland had until August 19, 2009, to serve Katz within the five-day period under OCGA § 9-11-4 (c), yet no one contacted Katz about service until August 18, one day before the five-day period expired, and no attempt was made to achieve service on Katz on August 19, 2009, the last day of the five-day period. The court noted that Cleveland's own evidence shows that the process server did not contact Katz by phone until August 20, one day after the five-day period expired. And although service was later achieved on Katz "either . . . on September 8th 2009 and/or September 16, 2009,"[4] the court found that it did not need to consider such service as either date was outside the applicable statutory period. In the same order, the trial court denied Cleveland's motion to strike Katz's answer and for default based upon its finding that the case stood automatically dismissed by operation of law on August 19, 2009.

1. Cleveland first contends that the trial court erred in calculating the five-day period under OCGA § 9-11-4 (c) for service of the complaint. We agree. Cleveland correctly asserts that because the five-day requirement is less than seven days, the provisions of OCGA § 1-3-1 (d) (3) apply. That statute provides in pertinent part: "When the period of time prescribed [in a statute] is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." See also OCGA § 9-11-6 (a). Cleveland filed her complaint on Friday, August 14, 2009. Accordingly, she had until Friday August 21, 2009, in which to achieve service in accordance with OCGA § 9-11-4 (c), because the intervening Saturday and Sunday, August 15 and 16, 2009, are excluded from the calculation of the five-day period. See *Day v. Burnett*, 199 Ga. App. 494, 495 (1) (405 SE2d 316) (1991); *Williams v. Colonial Ins. Co. &c.*, 199 Ga. App. 760 (406 SE2d 99) (1991). The trial court therefore erred in calculating the last day for service as August 19, 2009, and in holding that the case stood dismissed by operation of law as of that date.

2. Cleveland next asserts that the trial court applied an improper standard in determining whether service upon Katz was effective. Once again, we agree. The trial court erred in failing to consider Cleveland's efforts at service outside the five-day period. The trial court stated in its order that it did not need to consider any service "outside the statutory period," but the law is clear that such service may be effective if the plaintiff meets the applicable standards.

Our courts employ a two-tiered test in determining whether service is effective where the defendant is served outside both the statute of limitation and the five-day period under OCGA § 9-11-4

---

[4] The trial court's order appears to misstate the latter date, as the record reflects that a new summons was issued on September 16, 2009, but was not served until September 19.

(c). In such a case, the plaintiff must achieve service in a reasonable and diligent manner unless she becomes aware of a problem with service, in which case, the plaintiff is held to an even higher standard:

> When a complaint is filed within the statute of limitation, but service is not made within five days or within the period of limitation, the plaintiff must establish that service was made in a reasonable and diligent manner in an attempt to ensure that proper service is made as quickly as possible. Once the plaintiff becomes aware of a problem with service, however, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service. The plaintiff must provide specific dates or details to show diligence.

(Footnotes omitted.) *Scanlan v. Tate Supply Co.*, 303 Ga. App. 9, 11 (b) (692 SE2d 684) (2010). In this case, however, the trial court made no mention of any elevated standard even though the facts of this case raise an issue as to whether Cleveland and her counsel became aware at some point that a problem existed with service,[5] requiring them to employ the greatest possible diligence in serving Katz.

Indeed, the record below presents a number of factual issues which must be resolved in determining whether Cleveland exercised the appropriate diligence in perfecting service on Katz or whether she is guilty of laches. Those issues are addressed "in the first instance to the discretion of the trial court." (Punctuation and footnote omitted.) *Livingston v. Taylor*, 284 Ga. App. 638, 639 (644 SE2d 483) (2007). See also *Long*, 296 Ga. App. at 266-267 (1) (c) (whether plaintiff met burden of showing reasonable and diligent pursuit of service is a question of fact for the trial court); *Patel v. Sanders*, 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006) (trial court's factual findings will be upheld if any evidence supports them). The trial court, however, failed to address these issues under the appropriate standards. Accordingly, we vacate the trial court's order granting Katz's motion to dismiss and denying Cleveland's motion to strike and remand the case for consideration of the issues under the proper legal standards. See generally *Alvelo v. State*, 288 Ga. 437, 439 (1) (704 SE2d 787) (2011) (vacating trial court's order where it failed to apply the proper legal standard to party's motion); *Wilken Investments v. Plamondon, III*, 310 Ga. App. 146 (712 SE2d 576) (2011) (vacating and remanding dismissal

---

[5] Cleveland's lawyer stated that his process servers told him on or after August 18, 2009, that Katz was evading service and the lawyer felt a need to hire an additional process server on August 24.

order for clarification).

*Judgment vacated and case remanded. Barnes, P. J., and Blackwell, J., concur.*

DECIDED OCTOBER 7, 2011.

*William G. Cromwell*, for appellant.
*Carlock, Copeland & Stair, Michele R. Jones, Stephen M. Katz, David E. Betts*, for appellee.