### 50452. BOYER v. KING.

EVANS, Judge.

Cletis (Clete) Boyer executed a promissory note for $5,000 with the C & S National Bank in Atlanta, Georgia. Following nonpayment, H. T. King, transferee of C & S National Bank, sued Clete Boyer in the Civil Court in Fulton County. Service of said suit was obtained against the defendant at 2338 Stewart Avenue, S. W., Atlanta, Georgia. Defendant answered, denying the averments of each and every paragraph of the complaint, and further alleged that the complaint failed to allege a claim upon which relief could be granted.

Trial by jury was waived, and the court found as a matter of fact that defendant resided in Fulton County at the time of service of the complaint and process; that there was no improper venue; that there was evidence that the indebtedness was past due and unpaid, and that plaintiff should recover from the defendant the principal amount and attorney fees.

Defendant appeals solely on the ground that defendant was a resident of DeKalb County (not Fulton County) at the time suit was filed, and for this reason the trial court erred in denying defendant's verbal motion to dismiss for improper venue. *Held:*

1. Prior to enactment of Civil Practice Act of 1966, a defendant was required to "specially plead" to the jurisdiction if he wished to challenge the venue. Code §§ 81-501, 81-502. There is some question as to whether these two statutes were repealed by the Civil Practice Act and "the possibility exists that they may have applications under some of the exceptions to the CPA."

(See Editorial Note following Code § 81-501). In this case defendant merely denied the jurisdiction and did not specially plead same.

2. But it is unquestioned that the defendant has the burden of proving a lack of jurisdiction or venue, once he seeks to make this an issue. *Pyron v. Ruohs,* 120 Ga. 1060 (1) (48 SE 434); *Easterling v. Easterling,* 231 Ga. 90-91 (1) (200 SE2d 267).

With this burden imposed upon him, how did the defendant go about showing that he was not a resident of Fulton County? His depositions were taken, and at page 17 of the transcript the following questions to and answers by defendant are shown:

"Q. Have you ever been a resident of Fulton County in the last four months? A. Well, I don't know what you would call a resident. I have had apartments in Fulton County. Q. The place where you live. A. The place where I live? Q. Yes, sir. A. Well, I don't live anywhere right now. Q. I mean in the last 12 months. A. Well, I lived in Malibu Apartments, 3100 Godby Road. That's this winter. Q. That's in Fulton County, Is that right? A. I don't know. I don't know whether it is or not."

3. The defendant was served with complaint and summons on November 15, 1973, and his depositions were taken on January 21, 1975. His depositions show a complete failure to prove that he did not reside in Fulton County on the date of service — and in fact he contended he did not know in which county he resided. This is not a compliance with the law which imposes upon a defendant the burden of proving his challenge to the jurisdiction.

4. The trial court properly decided against defendant's challenge to the jurisdiction, and his judgment is therefore affirmed. Compare *Boyer v. King,* 129 Ga. App. 690 (200 SE2d 906).

*Judgment affirmed. Deen, P. J., concurs. Stolz, J., concurs specially.*

Submitted April 9, 1975 — Decided April 30, 1975.

*Thrasher, Costanzo & Stanford, C. Glenn Stanford,* for appellant.

*J. Norwood Jones, Jr., Lewis N. Jones,* for appellee.

STOLZ, Judge, specially concurring.

I concur in the judgment of the majority opinion for reasons other than those stated therein. Code Ann. § 81A-112 (b)(3) and (h)(1)(B) provides that the defense of lack of venue is waived if it is neither made by motion nor included in a responsive pleading, as originally filed. Here, the defendant's answer denied every allegation in the plaintiff's complaint, including venue. The judge, sitting as a trier of fact, found as a matter of fact that "the defendant resided in Fulton County, Georgia at the time of service of the complaint and process in this action upon him." There is evidence in the record supporting this finding of fact. This is sufficient for an affirmance of the judgment.