## 59126. BUCHAN v. DUKE.

McMURRAY, Presiding Judge.

This complaint for rental commissions was filed in the State Court of Gwinnett County contending the defendant is a resident of Gwinnett County, Georgia, and subject to the jurisdiction of that court. Defendant answered, denying that he was a resident of Gwinnett County and denying that he was subject to the jurisdiction of that court. Whereupon, the plaintiff served

interrogatories upon the defendant seeking his exact place of residence within the year next preceding the date of the filing of plaintiff's complaint, at the time of the filing of plaintiff's complaint, at the time of service of plaintiff's complaint, and as of the time of filing of defendant's answer and as of the date of the answers to these interrogatories. Other interrogatories also sought information as to where defendant was registered to vote and where he paid ad valorem taxes on automobiles in the event he owned an automobile or automobiles. Other interrogatories sought information with reference to the complaint.

Thereafter the defendant moved to dismiss for improper venue, attaching an affidavit of the defendant in which he deposed that he was not a resident of Gwinnett County at the time the suit was filed and at no time subsequent to that date was he a resident of Gwinnett County. Defendant also filed objections to the written interrogatories contending that since the court lacked jurisdiction over the defendant inasmuch as venue was improper in Gwinnett County and if the motion to dismiss the complaint was granted it would obviate the necessity of answering these interrogatories. Defendant also contended that to answer said interrogatories in view of said motion would be an unnecessary and undue burden upon the defendant.

Plaintiff in turn on July 18, 1979, filed a motion to require answer to the interrogatories and for a continuance of the defendant's motion to dismiss. No ruling was made thereon. However, on August 8, 1979, the court, after consideration of the affidavit submitted by the defendant, dismissed the action for improper venue. Plaintiff appeals. *Held:*

1. Prior to the enactment of the Civil Practice Act the defendant was required to specially plead to the jurisdiction if he wished to challenge the venue and in said plea defendant was required to show "another court in this state which has jurisdiction of the case." See Code §§ 81-501, 81-502. However, both of these Code sections were specifically repealed by the Civil Practice Act. See Code Ann. § 81A-201 (Ga. L. 1966, pp. 609, 687; 1967, pp. 226, 242, 243, 246, 247, 249). Some doubt, however,

remains as to how the pleader (the defendant in this case) may plead defenses in writing as to lack of jurisdiction and improper venue. See Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693); *Boyer v. King,* 134 Ga. App. 692 (1) (215 SE2d 722).

2. In *Martin v. Approved Bancredit Corp.*, 224 Ga. 550, 551 (1) (163 SE2d 885), the Supreme Court has held that "the rules as to pleading venue were not changed by the enactment of the Georgia Civil Practice Act," holding that the original complaint shall contain facts upon which the court's venue depends. Here the petition stated the fact that the defendant was a resident of Gwinnett County. The defendant answered that he was not a resident of Gwinnett County and submitted an affidavit that he was not a resident of Gwinnett County. He did not, however, state where his residence or residences were. Under our notice pleadings, therefore, the plaintiff was entitled to discovery as to the location thereof for determination of his actual residence. Accordingly, until this has been done we think the trial court erred in proceeding forthwith to rule on the motion to dismiss for improper venue and in failing to allow discovery. Here the petition was filed on *May 4, 1979,* the answer on *June 4, 1979,* and the interrogatories on *June 20, 1979.* The motion to dismiss for improper venue was filed on *July 17, 1979,* along with the objection to the interrogatories. The hearing as to the motion to dismiss for improper venue was set down *for July 31, 1979, or as soon thereafter as it could be heard.* The plaintiff was entitled to inquire into the proper jurisdiction and venue as to the defendant and the trial court erred in sustaining the motion to dismiss for improper venue without first compelling defendant to answer plaintiff's interrogatories which were due 30 days after the service thereof since the object of all legal investigation is the discovery of truth.

*Judgment reversed. Smith and Banke, JJ., concur.*

Submitted January 15, 1980 — Decided February 6, 1980.

*Paul C. Myers,* for appellant.

*Richard T. Winegarden,* for appellee.