45588. BRUNSWICK PULP & PAPER COMPANY et al. v.
YEOMANS et al.
45589. YEOMANS et al. v. GALBREATH et al.
45590. NAIL et al. v. YEOMANS et al.
(372 SE2d 217)

HUNT, Justice.

Vivian, Gary, Rafael and Deborah Nail brought this equitable partitioning proceeding regarding approximately 10,000 acres of real property in Brantley, Glynn and Wayne Counties, the testamentary property of their grandmother, Georgia Nail Dubberly. The defendants are various family members and several paper companies which claimed ownership of portions of the property. The trial court declared void and ordered expunged from record all deeds to any part of the testamentary property. The trial court reserved jurisdiction on other issues, and we granted the applications for interlocutory appeal filed by all the parties.

Under her will, Georgia Nail Dubberly left a life estate to her property in common to six of her children with the provision that the property be distributed, on the death of the last of those children, to the lineal descendants of the six children, per stirpes. However, in 1950, six years after Georgia Nail Dubberly died, and contrary to the terms of her will, the six children divided the property among themselves so that each of them held in fee simple a tract of land which was approximately one-sixth of the total acreage. This was accomplished by a series of deeds between the six children and the then-living grandchildren of Georgia Nail Dubberly. The plaintiffs' grandchildren who were all born after 1950, contend that the 1950 transactions were ineffective to defeat their interests under the will.[1]

It is true that, absent ratification, the 1950 partitioning deeds and subsequent deeds to third parties could not divest plaintiffs of their remaindermen rights under the will. The trial court found, however, that the plaintiffs had ratified, and were estopped from asserting title inconsistent with, the partitioning. Notwithstanding this finding of ratification and estoppel, the trial court, on its own, ordered the striking and expunging of all deeds connected with the 1950 transaction and those in the subsequent chain of title from the records of the clerks' offices in the various superior courts.

Pretermitting any questions of future interests under the will, or any potential claims by any parties under the will, the record permits

---

[1] At the time they brought this complaint, the plaintiffs held approximately one-third of the total testamentary property. This property would have come to them through inheritance by virtue of the 1950 partitioning deeds and a later conveyance from a family member. They claim they are entitled under the will to that same one-third, as well as a percentage of the property held by all the defendants.

the trial court's finding that the plaintiffs ratified the partitioning by accepting a number of benefits directly resulting from the specific tracts of land conveyed to their father, Isaac Nail, and their uncle, Oscar Nail, in the 1950 partitioning.[2] Those benefits included the use and enjoyment of the specific tracts of the testamentary property which the plaintiffs claim by inheritance from their father and uncle, money from various timber leases and utility condemnation awards, and the use of these parcels of the property as collateral on loans. The plaintiffs' claims to specific portions of the property can only be based on the 1950 partitioning and are inconsistent with their claims under the will whereunder they would have received an undivided interest in the property. Accordingly, the trial court's conclusion that the plaintiffs are estopped from asserting, against the defendants, claims of title to any of the testamentary property inconsistent with the 1950 partitioning was not erroneous. *Warner v. Hill*, 153 Ga. 510 (1)(a), (1)(b) (112 SE 478) (1922); *Hicks v. Webb*, 127 Ga. 170, 174 (4) (56 SE 307) (1906). While the trial court correctly noted that estoppel cannot convey title, see, e.g., *Strain v. Monk*, 212 Ga. 194 (2) (91 SE2d 505) (1956), there are no claims in this particular case which would authorize the cancellation of the deeds resulting from the 1950 partitioning and the subsequent chains of title. Because no parties, other than the plaintiffs, sought affirmative relief in this case, and because the plaintiffs are estopped from asserting their claims, the defendants are entitled to final judgment in their favor, and we need not reach the remaining enumerations of the parties.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 16, 1988 —
RECONSIDERATION DENIED OCTOBER 5, 1988.

*Hutto, Palmatary, Magda & Krider, B. Michael Magda,* for Yeomans and Nail et al.

*Gilbert, Whittle, Harrell, Scarlett & Skeleton, James E. Graham,* for Brunswick Pulp & Paper Company and Galbreath et al.

---

[2] We recognize that a factfinder could have resolved this issue in favor of the plaintiffs. However, there is evidence supporting the trial court's findings in this regard and, therefore, those findings will not be disturbed on appeal. *Dudley v. Snead*, 250 Ga. 804 (1) (301 SE2d 480) (1983).

We also find no merit to the plaintiffs' argument that ratification does not apply here. The trial court found that the plaintiffs have held, used and enjoyed the benefits of the property inherited from their uncle and father as divided under the 1950 partitioning. These actions by the plaintiffs are inconsistent with their claims under the will and constitute a ratification of the 1950 partitioning.

*Lissner, Killian, Cunningham & Zacker, Robert P. Killian,* for Nail et al.