46725. YEOMANS et al. v. GALBREATH et al.
(378 SE2d 864)

MARSHALL, Chief Justice.

This appeal is from the judgment of the trial court entered on the remittitur of this Court in interlocutory appeals. *Brunswick Pulp & Paper Co. v. Yeomans,* 258 Ga. 545 (372 SE2d 217) (1988). The judgment on remittitur reads:

> The captioned case having been decided by the Supreme Court of the State of Georgia on September 16, 1988, and that Court having affirmed in part and reversed in part this court's order dated November 30, 1987, it is on motion of counsel for defendants ordered and decreed that the said judgment of September 16, 1988, of the Supreme Court of the State of Georgia be entered on the minutes of this court, as the judgment of this court. Accordingly, judgment is hereby entered in favor of defendants and against plaintiffs *as to all matters set forth in plaintiffs' complaint, as amended. Plaintiffs shall have no recovery from defendants and have no interest in the real property of defendants, or their successors in title, set forth, identified, or referred to in plaintiffs' complaint, as amended.* [Emphasis supplied.]

The appellants contend as follows: The superior court previously held that they were not entitled to have certain deeds expunged from the deed record books; however, the judgment on the remittitur goes much further, holding that the plaintiffs have "no interest in the property"; this holding should be reversed; there is yet to be a partitioning of the real property left to the appellants and the appellees (or to their successors), although the plaintiffs requested partitioning

in this civil action; a jury trial may be had in partitioning proceedings, and there has been no jury trial or waiver thereof; the holding that the plaintiffs are barred in equity from having the deeds expunged does not extinguish the appellants' property interests, or preclude partitioning of the property at law; additionally, the court has never dealt with their claims to the proceeds of timber sales and other income-generating activities; those claims are not barred simply because they cannot expunge deeds from the deed record books; they still own undivided interests in these tracts; certain of them are not estopped because of lack of mutuality, i.e., they took no benefit from what transpired; the trial court violated this Court's holding that estoppel cannot convey title; and the judgment on the remittitur should be reversed insofar as it holds that the appellants have no interest in these tracts of land. *Held:*

We affirm. This Court's holding that the defendants-appellees "are entitled to final judgment in their favor," *Brunswick Pulp & Paper Co. v. Yeomans*, 258 Ga. 545, supra at 546, means that all matters which the plaintiffs did, or could have, put in issue, now are final. OCGA § 9-12-40. The appellants have no claim of title to any testamentary property other than that coming to them through inheritance by virtue of the 1950 partitioning deeds. 258 Ga. at 545, fn. 1. The actions of the appellants in holding, utilizing and enjoying the benefits of the property inherited from their father and uncle, as divided under the 1950 partitioning, are inconsistent with their claims under the will, and constitute a ratification of the 1950 partitioning. 258 Ga. at 546, fn. 2. Accordingly, the appellants can have no claim of title to the property of the appellees, they are not entitled to either equitable or legal partitioning, and they have no right to collect proceeds from timber sales.

This Court and the trial court have held that the appellants have absolutely no interest in or right to any of the testamentary property, other than that which they inherited from their father and uncle by virtue of the 1950 partitioning deeds. All of the matters here asserted were, or could have been, put in issue previously, and now are barred.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 11, 1989 —<br/>RECONSIDERATION DENIED MAY 31, 1989.

*W. Douglas Adams,* for appellants.

*White & Draffin, Thomas H. Draffin, Gilbert, Whittle, Harrell, Scarlett, Skelton & Frey, James E. Graham, Lissner, Killian, Cunningham & Zacker, Robert P. Killian,* for appellees.