A02A0886. PALMER v. CONSTANTIN.
(568 SE2d 79)

BLACKBURN, Chief Judge.

Appellant Alice Palmer appeals the trial court's grant of appellee Andre Constantin's motion to dismiss for insufficient service of process, maintaining that the trial court: had no jurisdiction to rule on the issue of sufficiency of service of process; erred in refusing to allow discovery before ruling on the motion to dismiss; erred in finding that she did not exercise diligence in effecting service; and erred in dismissing the case when the record supported the conclusion that Constantin's roommate had been served. For the reasons set forth below, we affirm.

On December 30, 1998, Palmer filed an action in Gwinnett County against Constantin for injuries allegedly arising out of a slip and fall accident which occurred on January 10, 1997. The original

action was voluntarily dismissed on June 23, 2000, and the present renewal action was filed on September 12, 2000. The sheriff returned service non-est on September 14, 22, and 28, 2000.

On November 21, 2000, Constantin filed his special appearance defenses and answer, in which he raised the defense of insufficiency of service of process. Palmer served Constantin with an interrogatory requesting his correct address on November 28, 2000, and Constantin provided Palmer with his correct address on December 4, 2000.

On February 5, 2001, Constantin filed his motion to dismiss. On March 5, 2001, the trial court served a notice of no service calendar, setting a hearing on the motion for March 29, 2001. On March 28, 2001, Palmer responded to Constantin's motion to dismiss and sought appointment of a special process server.

The hearing on the motion to dismiss was held as scheduled. On April 11, 2001, Palmer moved to transfer the case to Fulton County. On April 13, 2001, the trial judge granted Constantin's motion to dismiss without ruling on Palmer's motion.

1. In her first enumeration of error, Palmer maintains that the trial court had no jurisdiction to rule on the issue of sufficiency of service of process since Constantin's defense of lack of personal jurisdiction and her own motion to transfer the case to Fulton County informed the trial court that it had no personal jurisdiction over Constantin. Palmer further argues that the trial court had no option but to transfer the case to Fulton County and refrain from making any decision on the merits of any issues. We disagree.

The motion to dismiss was granted based on the trial court's determination that service of process was insufficient, not because the court determined that it did not have personal jurisdiction over Constantin. An order granting an OCGA § 9-11-12 (b) (5) motion to dismiss due to insufficiency of service of process is a matter of abatement only, and not a judgment on the merits; accordingly, the trial court retained jurisdiction to consider and grant Constantin's motion to dismiss. *Exum v. Melton.*[1]

2. Palmer next contends that the trial court erred in refusing to allow discovery before ruling on the motion to dismiss. She claims that because the dismissal is, in essence, a judgment on the merits of the case, it becomes a motion for summary judgment, and that under OCGA § 9-11-56 (f), the court should have granted a continuance so that she could conduct discovery.

As explained above, an order granting a motion to dismiss due to insufficiency of service of process is a matter of abatement only, and not, as Palmer contends, a judgment on the merits. Therefore, in

---

[1] *Exum v. Melton*, 244 Ga. App. 775, 776 (536 SE2d 786) (2000).

determining whether there was insufficient service of process, the trial court did not convert the motion to dismiss into one for summary judgment. *Franchell v. Clark.*[2]

In addition, Constantin "had no obligation whatsoever to respond to [Palmer's] discovery requests until such time as [he] was served with process." *Traver v. McKnight.*[3] Until that time, the trial court had no authority to compel compliance with discovery requests.

3. Palmer next contends that the trial court erred in finding that she did not exercise diligence in effecting service upon Constantin. We begin by noting that, "[a]bsent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed." *Franchell v. Clark,* supra at 131. Further, in cases in which the statute of limitation has expired and the defendant has made an appearance in court raising an insufficiency of service of process defense, we apply the standard of "greatest possible diligence" in assessing a plaintiff's attempts at service. *Davis v. Bushnell.*[4]

In this case, during the nearly two-month period between the time the sheriff returned service non-est on September 14, 22, and 28, 2000, and the time Constantin filed his special appearance defenses and answer on November 21, 2000, Palmer made no effort to have Constantin served. After Constantin raised the defense of insufficiency of service of process, Palmer was "obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service." (Punctuation omitted.) *Ingraham v. Marr.*[5] However, since the filing of Constantin's defenses and answer, Palmer has attempted only once, on January 18, 2001, to have Constantin served. In fact, Constantin has never been served.

Under these circumstances, we conclude that the trial court did not err in finding that Palmer did not exercise the greatest possible diligence in having Constantin served.

4. In her final enumeration of error, Palmer claims that the trial court erred in dismissing the case when the record would either reflect or lead to the inference that Constantin's roommate had been served. Under OCGA § 9-11-4 (e) (7), a defendant may be served by leaving copies of the service papers at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." In this case, however, there is no evidence that service papers were left with Constantin's roommate. This enumeration of error is, therefore, without merit.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

---

[2] *Franchell v. Clark,* 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999).
[3] *Traver v. McKnight,* 208 Ga. App. 278, 279 (430 SE2d 164) (1993).
[4] *Davis v. Bushnell,* 245 Ga. App. 221, 222 (537 SE2d 477) (2000).
[5] *Ingraham v. Marr,* 246 Ga. App. 445, 447 (540 SE2d 652) (2000).

DECIDED JUNE 13, 2002 —
RECONSIDERATION DENIED JULY 1, 2002 —

*Glenville Haldi*, for appellant.
*Swift, Currie, McGhee & Hiers, Lynn M. Roberson*, for appellee.