A04A0881. WILLIAMS et al. v. RESURGENS AND AFFILIATED ORTHOPAEDISTS.
(600 SE2d 378)

JOHNSON, Presiding Judge.

Lisa Williams, Jennifer Johnson, Angela Bailey, Dena McDaniel, Kim Brenden-Price, Gail Cannon and Marcy Dodd (the "appellants") filed an action against Resurgens and Affiliated Orthopaedists ("RAO"), XYZ, Inc., ABC, Inc., John Doe and Richard Roe on October 9, 2002. The complaint alleged that the appellants suffered personal injuries on October 13 and 16, 2000, on the premises of a medical clinic. On October 10, 2002, a Fulton County deputy marshal attempted to perfect service on RAO by visiting the office of its registered agent, Steven Wertheim. Wertheim was not in the office, and the deputy marshal left a copy of the summons and complaint with an individual named Trish Moore. There is no dispute that RAO's registered agent was never personally served with a copy of the summons and complaint.

RAO raised the defense of insufficient service in its answer and subsequently filed a motion to dismiss for insufficient service of process. The trial court granted RAO's motion to dismiss without hearing oral argument. The appellants allege the trial court erred in granting RAO's motion to dismiss and erred in failing to rule on their motion to amend the complaint. We find no error and affirm the trial court's dismissal.

1. The appellants contend the trial court erred in dismissing RAO from the case because service on Moore was proper. Absent an abuse of discretion, a trial court's finding of insufficient service of process

must be affirmed.[1] Moreover, in cases in which the statute of limitation has expired and the defendant has made an appearance in court raising an insufficiency of service defense, this Court must apply the standard of " 'greatest possible diligence' " in assessing the plaintiff's attempts at service.[2]

In the present case, we first note that although the appellants cite a number of facts in support of their argument, very few of these facts are supported by citation to the record or citation of authority. Court of Appeals Rule 27 (c) (3) mandates that each enumerated error must be supported in the brief by specific reference to the record or transcript. The rule also specifies that "[i]n the absence of such reference, the Court will not search for or consider such enumeration." Indeed, it is not the function of this Court to cull the record on behalf of a party; the burden is upon the party asserting error to show it affirmatively in the record.[3] In the present case, this Court cannot confirm the accuracy of many of the representations made by the appellants because the representations do not contain any citation to the record.

Notwithstanding this difficulty, a thorough review of the record in this case clearly shows that RAO's registered agent was never personally served, that the deputy marshal was told where the registered agent could be served when he returned to town, that Moore was not RAO's registered agent for service of process, that Moore was never an employee, officer, managing agent, or director of RAO, and that Moore was not authorized by RAO to accept service on RAO's behalf. Moreover, RAO raised the affirmative defense of insufficient service in its answer, yet the appellants never attempted to re-serve RAO or inquire as to the basis of the affirmative defense.

While the appellants attempt to rationalize why RAO's registered agent was not properly served, they have not pointed to any evidence showing that service upon Moore was effective as service upon RAO. Although Moore was the office administrator for a separate professional corporation — Resurgens, P.C. — she had nothing to do with the operation of RAO's business and was never even an employee of RAO. And, while the names of the two professional corporations may be similar, the two entities are not legally related and the business activities of one are in no way related to the business activities of the other. The trial court did not abuse its discretion in granting RAO's motion to dismiss for insufficient service.

---

[1] *Palmer v. Constantin*, 256 Ga. App. 233, 235 (3) (568 SE2d 79) (2002).

[2] Id.

[3] See *Magnolia Court Apts. v. City of Atlanta*, 249 Ga. App. 6, 8 (545 SE2d 643) (2001).

2. The appellants also contend that the trial court erred in not granting their motion to amend the complaint and substitute parties. However, the record reveals no ruling by the trial court on this motion. This is a court for correction of errors below, and, in the absence of a ruling by the trial court, this Court has nothing to review.[4] It is the duty of counsel to obtain a ruling on his motion, and the failure to do so will ordinarily result in a waiver.[5]

Furthermore, even if the trial court's failure to rule on the motion could be construed as a denial of the motion,[6] no error occurred. In the present case, service was never perfected on RAO. Our Supreme Court has held that a suit is void if service is not perfected because the filing of a complaint without perfecting service does not constitute a pending suit.[7]

In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law. But if no service is made, the mere filing of a petition will not suffice to authorize the action to be treated as commenced and perpetually pending. Filing followed by service creates a pending suit from the date of filing. But if there is no service, the process loses its vitality, and the effect mentioned does not result.[8]

Here, based on our holding in Division 1, service was never perfected and, therefore, a suit had never commenced.[9]

Contrary to the appellants' argument that the trial court should have considered their motion to amend their complaint to substitute parties before considering the issue of insufficient service, this Court finds that, until service is perfected or waived, there is no "pending suit," and the trial court has no jurisdiction or authority to enter any ruling in the case except for a ruling dismissing the case for lack of jurisdiction.[10] The appellants' enumeration of error lacks merit.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

---

[4] See *Post Realty Assoc. v. DSL Assoc.*, 228 Ga. App. 678, 681 (2) (492 SE2d 600) (1997).

[5] See *Ware v. Fidelity Acceptance Corp.*, 225 Ga. App. 41, 42 (1) (482 SE2d 536) (1997).

[6] See *Hewett v. Carter*, 215 Ga. App. 429, 430 (2) (450 SE2d 843) (1994).

[7] See *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994); *Patterson v. Douglas Women's Center*, 258 Ga. 803, 804 (4) (374 SE2d 737) (1989).

[8] (Citation and punctuation omitted.) *Hilton v. Maddox, Bishop, Hayton Frame &c., Inc.*, 125 Ga. App. 423, 425 (1) (188 SE2d 167) (1972).

[9] See *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 803 (2) (516 SE2d 833) (1999); see also *South v. Montoya*, 244 Ga. App. 52-53 (1) (537 SE2d 367) (2000).

[10] See *Thorburn Co.*, supra; see also *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625 (2) (193 SE2d 852) (1972).

DECIDED MAY 11, 2004 —
RECONSIDERATION DENIED MAY 25, 2004.

*George A. Pennebaker, Omar R. Zamora*, for appellants.
*Gambrell & Stolz, Jennifer G. Cooper, Jessica A. Ryan*, for appellee.