A06A2000. MOODY v. GILLIAM.
(637 SE2d 759)

SMITH, Presiding Judge.

Blanche Moody sued Melissa Gilliam for injuries she sustained in an automobile accident. The trial court granted Gilliam's motion to dismiss the complaint based on insufficient service of process. Moody appeals. We find no error and affirm.

Moody filed a complaint against Gilliam on October 25, 2005, two days before the expiration of the two-year statute of limitation for personal injury actions.[1] On November 2, 2005, a sheriff's deputy filed a "non est" return of service stating that Gilliam no longer lived at the Clayton County address listed on the summons. On December 7, Gilliam filed an answer in which she raised the defense of insufficient service of process. She then filed a motion to dismiss Moody's complaint on December 20.

Moody hired a private investigator on December 8 who discovered that Gilliam resided at a DeKalb County address. In light of this discovery, Moody filed a motion on December 30 to transfer the case to DeKalb County, and the trial court granted that motion on January 5, 2006. On January 31, the DeKalb County State Court granted Gilliam's motion to dismiss Moody's complaint for insufficient service of process.

On appeal, Moody argues that between December 19, 2005 and December 30, 2005, she was "technically barred from perfecting service and proceeding with her action because neither Clayton

---

[1] The automobile accident occurred on October 27, 2003. See OCGA § 9-3-33.

County nor DeKalb County had jurisdiction over [Gilliam]." She argues further that she could not have properly served Gilliam before the case was transferred because she "would have been subjected to claims of improper venue and insufficiency of service."

"Where a complaint is filed near the statute of limitation and service is made after the statute expires and after the five-day safe harbor provision contained within OCGA § 9-11-4 (c), the relation back of the service to the date of filing is dependent upon the diligence exercised by the plaintiff in perfecting service." (Citation omitted.) *Cantin v. Justice*, 224 Ga. App. 195, 196 (480 SE2d 250) (1997). When the statute of limitation has expired and a defendant raises insufficiency of service in his answer, "the plaintiff must act with the 'greatest possible diligence' " to serve the defendant from that point forward or risk dismissal of the case. *Kelley v. Lymon*, 279 Ga. App. 849, 850 (1) (632 SE2d 734) (2006). "A trial court's finding of insufficient service of process must be upheld on appeal absent a showing of an abuse of discretion." (Citation omitted.) Id.

In this case, Moody filed her lawsuit two days before the expiration of the applicable statute of limitation. She made one attempt to serve Gilliam at a Clayton County address, but that attempt failed. Once Moody was on notice of a problem with service — at the latest, upon the filing of Gilliam's December 7 answer, — she was charged with exercising the "greatest possible diligence" in serving Gilliam. See *Palmer v. Constantin*, 256 Ga. App. 233, 235 (3) (568 SE2d 79) (2002). And the record reveals that when Moody's case was dismissed on January 31, twenty-seven days following the filing of the transfer order[2] and more than seven weeks after Moody became aware that there was a problem with service, Gilliam still had not been served. Moody was obligated to exercise the "greatest possible diligence" in attempting to serve Gilliam while her motion to transfer the case to DeKalb County was pending. Indeed, "venue is a concept separate from service of process." *Hardy v. Lucio*, 259 Ga. App. 543, 544 (1) (578 SE2d 224) (2003).[3]

Because the record fails to show that Moody acted with the "greatest possible diligence" to personally serve Gilliam, the trial court did not abuse its discretion in dismissing the complaint. See *Hardy*, supra at 545 (2).

---

[2] Moody argues that she did not receive notice of the trial court's January 5 grant of her motion to transfer until January 26, five days before her case was dismissed. Upon filing the motion to transfer, however, it was incumbent upon Moody to check the status of the motion. See, e.g., *Douglas v. Seidl*, 251 Ga. App. 147, 148 (553 SE2d 829) (2001).

[3] We note that in any case, a subsequent motion to dismiss for lack of venue would have been treated as a motion to transfer. See *McDonald v. MARTA*, 251 Ga. App. 230, 231 (554 SE2d 226) (2001).

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2006.

*Clarence R. Johnson, Jr.*, for appellant.
*Shur, McDuffie & Morgan, Dale K. Scott, Jr.*, for appellee.