**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 23, 2018**

# In the Court of Appeals of Georgia

A18A1208. WELLMAN v. JP MORGAN CHASE BANK, NA et al.    TB-044

BROWN, Judge.

Don Wellman appeals, pro se, from the trial court's order granting JP Morgan Chase Bank, NA's ("Chase") motion to dismiss his complaint seeking injunctive and declaratory relief "to restrain foreclosure, assignment and title fraud, and to quiet title."[1] For the reasons explained below, we vacate the trial court's order dismissing the complaint with prejudice for failure to state a claim under OCGA § 9-11-12 (b)

---

[1] We note that we have jurisdiction to consider this appeal even though Wellman filed his notice of appeal before the trial court's written order dismissing his complaint was entered. The notice of appeal ripened when the trial court's written order was entered. See *Gillen v. Bostick*, 234 Ga. 308, 310-311 (1) (215 SE2d 676) (1975); *Wilson v. S. Railway Co.*, 208 Ga. App. 598, 599-600 (1) (431 SE2d 383) (1993) ("if the appeal had been premature by attempting to appeal the oral order granting directed verdict, the notice of appeal would have 'ripened' when the written order thereof subsequently was entered") (citation omitted).

(6) and remand this case to the trial court for entry of an order dismissing the complaint without prejudice based upon insufficient service of process and a lack of personal jurisdiction.

The record shows that Wellman filed a complaint against Chase and the law firm that represented it in connection with a scheduled foreclosure of Wellman's property. A process server submitted an affidavit stating that he served Chase through an authorized agent named Kelly Miller at a business address in Columbus, Ohio.

Chase filed a "special appearance" answer "expressly preserving its defenses of failure of service, failure of service of process, and lack of personal jurisdiction due to such failures," along with a simultaneous motion to dismiss pursuant to OCGA § 9-11-12 (b) (2), (4), (5), and (6). In its memorandum of law in support of its motion to dismiss, Chase asserted that service upon it in Ohio under the long-arm statute was improper because it maintains a registered agent in Georgia. It also asserted that the complaint failed to state a claim because: (1) Wellman lacked standing to contest the validity of the assignment of his note to Chase by the Federal Deposit Insurance Corporation after the original note holder, Washington Mutual, became insolvent; (2) Wellman lacked standing to seek equitable relief because he failed to tender the amount due under the note; (3) Wellman failed to record a lis pendens; and (4)

2

assignments of a note are valid even though they are not recorded. In a reply brief, Wellman asserted that he properly served Chase in Ohio and that he "also received confirmation that proper service was perfected on Chase via its[] local registered agent [in] Atlanta." However, he submitted no proof of service upon Chase's registered agent in Georgia.

After the law firm also filed a motion to dismiss,[2] the trial court scheduled a status conference for January 31, 2017, and ordered Chase to appear "by special appearance without waiving [its] jurisdictional objections or otherwise consenting to service or jurisdiction." On March 16, 2017, the trial court granted Chase's motion to dismiss in an order[3] that stated in relevant part:

> Having reviewed and considered the Motion, the pleadings in this action, and the oral arguments of the parties, this Court finds that pursuant to OCGA §§ 9-11-12 (b) (2), (4), (5), Plaintiff's Complaint is subject to dismissal as to Chase based on insufficient service of process and lack of personal jurisdiction. Further, the Court finds that Plaintiff's Complaint fails to state a claim for relief against Chase pursuant to OCGA § 9-11-12 (b) (6). . . . Accordingly, Chase's Motion is

[2] The record before us does not include a ruling by the trial court on the law firm's motion.

[3] The order signed by the trial court was prepared and submitted by Chase's counsel.

3

GRANTED, the above-captioned Complaint is DISMISSED WITH PREJUDICE as to Chase. (Punctuation omitted.)

Although the record before us contains no order disposing of the law firm's motion to dismiss, we nonetheless have jurisdiction to consider this appeal because the trial court's order also expressly determined that there was no just reason for delay and directed that a final judgment be entered in favor of Chase. See OCGA § 9-11-54 (b) and 5-6-34 (a) (1).

In his appellate brief,[4] Wellman asserts no error in connection with the trial court's dismissal of his complaint based upon insufficient service of process and a lack of personal jurisdiction. "Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. [Cits.]" (Citation and punctuation omitted.) *Brown v. Fokes Properties 2002*, 283 Ga. 231, 233 (2) (657 SE2d 820) (2008). Accordingly, we must presume that the trial court properly dismissed the complaint based upon insufficient service of process and a lack of personal jurisdiction. We cannot, however, affirm the trial court's decision to dismiss Wellman's complaint with prejudice.

---

[4] Chase has not filed a brief in this Court.

4

"[U]ntil service is perfected or waived, there is no 'pending suit,' and the trial court has no jurisdiction or authority to enter any ruling in the case except for a ruling dismissing the case for lack of jurisdiction." *Williams v. Resurgens & Affiliated Orthopaedists*, 267 Ga. App. 578, 580 (2) (600 SE2d 378) (2004). Such dismissals should be without prejudice. See *South v. Montoya*, 244 Ga. App. 52, 53 (1) (537 SE2d 367) (2000); *Hemphill v. Con-Chem*, 128 Ga. App. 590, 591 (197 SE2d 457) (1973). "Having ruled as it did that dismissal was appropriate [for insufficient service of process and lack of personal jurisdiction], the trial court lacked jurisdiction to proceed to rule upon whether the complaint should be dismissed on the merits under OCGA § 9-11-12 (b) (6)." *Montague v. Godfrey*, 289 Ga. App. 552, 558 (3) (657 SE2d 630) (2008) (physical precedent only), overruled on other grounds by, *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 319, n. 2 (765 SE2d 413) (2014). Accordingly, we vacate the trial court's order and remand this case with an instruction for the trial court to omit its analysis of the complaint's failure to state a claim under OCGA § 9-11-12 (b) (6) and to dismiss the complaint without prejudice.

*Judgment vacated and case remanded with direction. Miller, P. J., and Andrews, J., concur*.