**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 16, 2021**

# In the Court of Appeals of Georgia

A21A0659. BARDIN v. LINDSEY.

RICKMAN, Chief Judge.

Following a car accident, Michelle and Russell Bardin filed suit against Joseph Lindsay. The trial court dismissed the suit due to insufficiency of service of process. On appeal, the Bardins contend that the trial court erred by dismissing the suit. For the following reasons, we affirm.

"A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion." *Aikens v. Brent Scarbrough & Co.*, 287 Ga. App. 296, 297 (651 SE2d 214) (2007). "The trial court resolves factual disputes regarding service, and we will uphold the court's findings if there is any evidence to support them." Id.

The record shows that in February 2019, the Bardins filed suit against Lindsey for negligence and loss of consortium, seeking damages.[1] On March 18, 2019, the Bardins filed an affidavit of service alleging that Lindsey was served on March 11, 2019 by substitute service. The affidavit stated that a successful attempt at service was made: "at [h]ome: 170 Kubol Drive, Lawrenceville, [G]a 30046 received by Black Female. Attached documents to front door, after []attempting to speak with Black Female who would only speak from upstairs window. Served because this is last known address for [Lindsey]." Lindsey filed a special appearance answer stating that he was not waiving the defense of lack of service.

The Bardins filed a motion for partial summary judgment alleging that Lindsey was properly served and failed to timely respond to requests for admission and discovery. The trial court denied the Bardins' motion and found that "[t]here was not sufficient evidence as to the identity of the "Black Female" that was served or that the individual was of suitable age and discretion residing at the home. The Affidavit of service does not establish proper service on [Lindsey]."[2]

---

[1] This suit was a renewal action from an earlier suit that was voluntarily dismissed without prejudice.

[2] The trial court also held that "it has not been demonstrated that there has been proper service in this case, and [Lindsey] did not fail to respond in a timely manner

Thereafter, the Bardins filed a motion to compel, to reconsider, and to re-open discovery. Lindsey filed a motion dismiss for lack of service, alleging that it had been over three months since the trial court denied the Bardins' motion for partial summary judgment and that there had been no additional attempts to serve Lindsey and that the Bardins had failed to perfect service within the renewal period. The trial court denied the Bardins' motions and granted Lindsey's motion to dismiss the suit.

In dismissing the action, the trial court found that Lindsey,

has not been properly and timely served . . . in this renewal action. [The Bardins] were put on notice as early as April 4, 2019 by [Lindsey's] Special Appearance Answer and again by [the trial court] on October 14, 2019 when [the trial court] entered an Order denying [The Bardins'] Motion for Partial Summary Judgment. [The Bardins] have not shown that they exercised the greatest possible diligence in serving [Lindsey] once they were put on notice of the lack of service or alleged lack of proper service.

In three enumerated errors, the Bardins contend that the trial court erred by dismissing the suit.

"We begin by noting that, absent a showing of an abuse of discretion, a trial court's finding of insufficient service of process must be affirmed." (Citation and

to the Request for Admissions and other discovery requests."

3

punctuation omitted.) *Palmer v. Constantin*, 256 Ga. App. 233, 235 (3) (568 SE2d 79) (2002). "After [Lindsey] raised the defense of insufficiency of service of process, [the Bardins] [were] obligated to exercise, not due diligence, but the greatest possible diligence to ensure proper and timely service." (Citation and punctuation omitted.) Id.

Here, as the trial court found in its order dismissing the case, the Bardins were on notice as early as April 2019 when Lindsey filed his special appearance answer that Lindsey had raised the defense of insufficiency of service of process. Additionally, the trial court specifically found in its order denying the Bardins' motion for partial summary judgment that "[t]here was not sufficient evidence as to the identity of the "Black Female" that was served or that the individual was of suitable age and discretion residing at the home. The Affidavit of service does not establish proper service on [Lindsey]."[3] The record shows that the Bardins made no

---

[3] The Bardins argue that the trial court erred by failing to address the sufficiency of Lindsey's responses to the Bardins' request for admissions. Lindsey however, "had no obligation whatsoever to respond to [the Bardin's] discovery requests until such time as he was served with process." (Citation and punctuation omitted.) *Palmer*, 256 Ga. App. at 235 (2); see OCGA § 9-11-36 (a) (2) ("unless the court shortens the time, a defendant shall not be required to serve answers or objections [to requests for admission] before the expiration of 45 days after service of the summons and complaint upon him"). Accordingly, because the trial court found that Lindsey was never properly served, we need not consider the sufficiency of his

effort after the trial court denied summary judgment to have Lindsey properly served. Under these circumstances where the record fails to show that the Bardins acted with the greatest possible diligence in serving Lindsey, we find that the trial court did not abuse its discretion by dismissing this case due to insufficient service of process. See *Moody v. Gilliam*, 281 Ga. App. 819, 820 (637 SE2d 759) (2006); *Palmer*, 256 Ga. App. at 235 (3).

*Judgment affirmed. Senior Appellate Judge Herbert E. Phipps concurs in judgment only and McFadden, P. J. dissents.*

---

responses to the Bardins' request for admissions. The dissent claims that OCGA § 9-11-12 (j) (4) gave the Bardins the right to discovery on the service of process issue. OCGA § 9-11-12 (j) (4) is an exception to the general rule that discovery is stayed while an OCGA § 9-11-12 (b) motion to dismiss is pending and provides in part that if a motion to dismiss raises the defense of insufficiency of service of process, limited discovery on that issue shall be permitted until the court rules on the motion. Here, however, the Bardins propounded the requests for admissions at issue in June 2019, Lindsey responded in July 2019, and Lindsey's motion to dismiss was not filed until January 2020. After Lindsey filed his motion to dismiss, the Bardins did not pursue additional discovery or file any discovery motions related to service of process. Accordingly, OCGA § 9-11-12 (j) (4) is not applicable to the discovery at issue in this case.

5

# In the Court of Appeals of Georgia

A21A0659. BARDIN et al. v. LINDSEY.

MCFADDEN, Presiding Judge, dissenting.

The Bardins had a right to the discovery that they needed to respond to Lindsey's motion to dismiss for insufficient service of process. OCGA § 9-11-12 (j) (4). The trial court ignored that right when she granted that motion. In ignoring that right, the trial court erred as a matter of law. Her order must be vacated, and the case must be remanded for the trial court to apply the correct law. So I respectfully dissent.

6

But for that relatively recent addition to the Civil Practice Act, this would be a hard case. Under OCGA § 9-11-36 (a) (2), a defendant has no duty to respond to discovery until 45 days after service is perfected, unless the trial court shortens the time. So when there is a dispute about whether service has been perfected, there is also a question about whether those 45 days have started to run.

OCGA § 9-11-12 (j) (4) moots that question. It provides that a party responding to a motion to dismiss for failure to perfect service "shall" be entitled to limited discovery.

> If a motion to dismiss raises defenses set forth in paragraph (2), (3), (5), [which concerns insufficiency of service of process,] or (7) of subsection (b) of this Code section or if any party needs discovery in order to identify persons who may be joined as parties, limited discovery needed to respond to such defenses or identify such persons shall be permitted until the court rules on such motion.

OCGA § 9-11-12 (j) (4).

Here appellee Lindsey filed a Special Appearance Answer, in which he "plead[ed] the affirmative defenses of statute of limitations, lack of service, service of process, personal jurisdiction, subject matter jurisdiction, and venue" on April 4,

7

2019. On June 10, 2019 the Bardins served on Lindsey's counsel a set of requests for admission that focused on service of process.

Lindsey did not respond until July 19, 2019. And the response he eventually did give — "Denied until such time as the undersigned counsel can contact Defendant," — was a non-answer expressly prohibited by the statute. "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." OCGA § 9-11-36 (a) (2). "The admission that arises from a failure to respond to a request for admission in the required time frame arises by operation of law, without the necessity of court action." *Monolith Companies v. Hunter Douglas Hospitality*, 333 Ga. App. 898, 900 (777 SE2d 726) (2015). In reliance on those admissions, the Bardins moved for partial summary judgment on the issue of service.

But the trial court denied the motion holding that, "as it has not been demonstrated that there has been proper service in this case, [Lindsey] did not fail to respond in a timely manner to the Request for Admissions and other discovery requests." That holding is not contrary to the text of OCGA § 9-11-12 (j) (4) because that provision is activated by the filing of a specified motion to dismiss.

But that holding is nevertheless troubling. The trial court chose to disregard a substantial showing under oath and on the basis of information the Bardins had secured from the postmaster and motor vehicle registration records, that Lindsey did indeed reside with his grandmother at the home where the alleged service was made, that his grandmother's car was parked there at that time, and so that the woman who spoke to the process server from an upstairs window was in fact Lindsey's grandmother. Lindsey, on the other hand, relies on a naked allegation.

But we need not consider whether the trial court overstepped her broad discretionary and factfinding authority. Nor do we need to consider whether the fact that Lindsey sought discovery from the Bardins bars him from withholding discovery.

The focus of our decision today is a motion to dismiss that falls squarely within OCGA § 9-11-12 (j) (4). After the Bardins' motion for partial summary judgment was denied, Lindsey filed a motion to dismiss for lack of service. So the Bardins were entitled to the benefit of OCGA § 9-11-12 (j) (4): parties responding to such motions "shall be" allowed "limited discovery." But the trial court granted the motion without considering Lindsey's failure to answer the Bardins' request for admission and without addressing other unanswered discovery requests or ruling on other motions to compel.

9

In a footnote, the majority holds that Lindsey's responses to the Bardins' discovery are irrelevant because he "had no obligation whatsoever to respond. . . ." In support of this holding, the majority cites *Palmer v. Constantin*, 256 Ga. App. 233, 235 (2) (568 SE2d 79) (2002). That is error. *Palmer* was decided before the 2009 enactment of OCGA § 9-11-12 (j) (4). So *Palmer* is no longer good law on the issue before us.

The majority then holds that OCGA § 9-11-12 (j) (4) is not applicable because the Bardins did not pursue additional discovery or file any discovery motions related to service of process after Lindsey filed his motion to dismiss. No provision in the Civil Practice Act requires plaintiffs to re-file discovery in order to gain the benefit of OCGA § 9-11-12 (j) (4). No provision authorizes trial courts to treat as a nullity discovery requests filed in anticipation of a motion to dismiss covered by OCGA § 9-11-12 (j) (4). No provision authorizes trial courts to rule on motions to dismiss without addressing related pending discovery motions. Cf. *Camp v. Sellers & Co.*, 158 Ga. App. 646, 647 (1) (281 SE2d 621) (1981) (decided before enactment of OCGA § 9-11-12 (j); plaintiffs entitled to discovery on the issue of service before court ruled on motion to set aside their default judgment on the ground of lack of proper service); *Buchan v. Duke*, 153 Ga. App. 310, 312 (2) (265 SE2d 308) (1980)

10

(decided before enactment of OCGA § 9-11-12 (j); plaintiff entitled to discovery on the issue of venue before court ruled on motion to dismiss for improper venue). We should not invent such a requirement. On the contrary, we have already held that we may not add such requirements to OCGA § 9-11-12 (j) (4) because "under the Civil Practice Act, no technical forms of pleading or motions are required. OCGA § 9-11-8 (e) (1)." *Kolb v. Daruda*, 350 Ga. App. 642, 646 (2) (829 SE2d 881) (2019) (punctuation omitted).

It is true that reading OCGA § 9-11-12 (j) (4) and OCGA § 9-11-36 (a) (2) together brings to light an ambiguity with regard to calculation of deadlines for discovery responses. (Arguably, for example, the response times started to run when the motion to dismiss was filed.) The trial court should be directed on remand to resolve that ambiguity in a way that respects the statutory and Due Process rights of both parties and that subserves the purpose of the Civil Practice Act "to secure the just, speedy, and inexpensive determination of every action." OCGA § 9-11-1.

That deadline ambiguity is much less of an issue as to the discovery motions that were pending before the motion to dismiss was filed. At the time Lindsey filed his motion to dismiss and before the trial court's order of dismissal, pending before the court were: the Bardins' motion to compel Lindsey's attendance at a deposition

11

(because Lindsey had refused to appear); their motion to deem admitted their first requests for admission (because Lindsey had simply responded to each request "Denied until such time as undersigned counsel can contact Defendant"), all of which requested the admission of facts relevant to the service-of-process issue; and their motion to compel responses to their first interrogatories, which included interrogatories relevant to the service-of-process issue. Having filed those discovery requests and motions to compel, the Bardins were "not required to take additional steps to preserve [their] right to [OCGA § 9-11-12 (j) (4)] discovery." *Kolb*, 350 Ga. App. at 646-647 (2).

In their response to the motion to dismiss, the Bardins argued that Lindsey's deemed admissions demonstrated that service was proper. The trial court did not address that argument. Nor did the court address the Bardins' discovery motions. Instead, ignoring the Bardins' statutory right to discovery, the court held that given the grant of Lindsey's motion to dismiss, "there is no basis upon which to address" the Bardins' motions.

Under OCGA § 9-11-12 (j) (4), the Bardins had the right to the discovery they needed to respond to Lindsey's motion to dismiss on the ground of insufficiency of service of process. The trial court denied them this right by granting Lindsey's motion

12

to dismiss without addressing the discovery issues. The trial court erred as a matter of law, her order must be vacated, and the case must be remanded for reconsideration under the correct law. *Kolb*, 350 Ga. App. at 647 (2).