# Court of Appeals
# of the State of Georgia

ATLANTA,  May 22, 2024

*The Court of Appeals hereby passes the following order:*

### A24A0179.  MONTE DAVIS v. LAND-RON, INC. et al.

In 2018, Monte Davis filed this negligence action naming multiple entities as defendants, including Land-Ron, Inc. and Intercontinental Hotels Group Resources, Inc. ("IHG"). Davis subsequently filed a motion seeking to substitute HH TRS FP Portfolio, LLC as a defendant in place of IHG. On October 10, 2019, the trial court entered an order dropping IHG from the case, but denying the addition of HH TRS FP Portfolio, LLC as a party defendant.  Davis then filed a "motion to add HHC TRS FP Portfolio, LLC" as a party-defendant.  The trial court entered an order denying that motion on December 10, 2019. To contest those adverse rulings, Davis filed a notice of appeal on July 6, 2023.[1] As explained below, because Davis's notice of appeal was not filed within 30 days of any appealable decision or judgment, this Court lacks jurisdiction.

----

[1] In his notice of appeal, Davis states that "[he] files his Notice of Appeal from the Order Denying Motion To Substitute Parties, which was entered on October 10, 2019 and the Order Denying Motion To Add a Party Defendant, which was entered on December 10, 2019." Similarly, in his appellate brief, Davis contends in the "ENUMERATION OF ERRORS" section:
> 1. The Trial Court erred in entering the Order, which erroneously denied the . . . Motion to Substitute Proper Party Defendant; and
> 2. The Trial Court erred in entering the . . . Order, which erroneously denied the Appellant's . . . Motion to Add HHC TRS FP Portfolio, LLC ("HHC") as a Party Defendant.

"The proper and timely filing of a notice of appeal is an absolute requirement to confer appellate jurisdiction on an appellate court." (Citation and punctuation omitted.) *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). As a general rule, to obtain a direct appeal, "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]" OCGA § 5-6-38 (a). Here, the notice of appeal was filed more than three years after the complained of orders were entered.

Davis nevertheless posits that "this Court has appellate jurisdiction over this matter pursuant to OCGA § 5-6-34 (a) (1)." He cites that (defendant) Land-Ron, Inc. meanwhile moved for summary judgment; that the trial court denied that motion; and that this Court concluded in an unpublished decision that Land-Ron, Inc. was entitled to summary judgment and thus reversed the trial court's judgment. See *Land-Ron, Inc. v. Davis*, ____ Ga. App. ___ (Case No. A23A0319) (June 9, 2023) (hereinafter "*Land-Ron I*"). Davis asserts that, after this Court issued the remittitur,[2] the remittitur was filed in the trial court's clerk's office on July 3, 2023, and that he filed his notice of appeal on July 6, 2023.

Even accepting, for the sake of argument, Davis's assertion that his notice of appeal was filed three days after the filing of the remittitur in the trial court, the notice of appeal failed to perfect jurisdiction of this appeal. The statutory provision upon which Davis relies authorizes direct appeals only from "final *judgments*, that is to say,

---

[2] This Court's records in *Land-Ron I* confirm that the remittitur was issued on June 27, 2023. See generally *Young v. Jones*, 140 Ga. App. 66, 68 (230 SE2d 32) (1976) (on motion for rehearing) (reciting that "this court will take judicial notice of its own records, and will of its own motion, or at the suggestion of counsel, inspect the records of this court in a former appeal of the same case") (citation and punctuation omitted).

where the case is no longer pending in the court below[.]" (Emphasis supplied) OCGA § 5-6-34 (a) (1).  Thus, even presuming that Land-Ron, Inc. was the sole remaining defendant when this Court was deciding *Land-Ron I*, Davis has cited no authority supporting his premise that, after an appellate court reverses a trial court's judgment, a direct appeal may lie from the mere filing of the remittitur by the trial court's clerk's office.  And we find none.

Rather, we are bound by Supreme Court of Georgia's precedent explaining that

[t]he trial court . . . was re-invested with jurisdiction when the Court of Appeals reversed [the denial of the motion for summary] judgment and caused its remittitur to be transmitted to and filed in the clerk's office of the trial court. . . .  The filing of a remittitur . . . served *no function* except to notify officially the trial court that its judgment[ ] had been reversed and that the case[ ] [was] being sent back to that court for *further action*.

(Emphasis supplied.) *Hagan v. Robert & Co. Assoc.*, 222 Ga. 469, 471 (1) (150 SE2d 663) (1966); see *Holton v. Lankford*, 189 Ga. 506, 512 (1) (6 SE2d 304) (1939) ("The judgment of reversal, without more, operated only to vacate the orders and the decree as therein stated, and to reinvest the trial court with jurisdiction, on the filing of the remittitur in the office of the clerk of the trial court. It did just this, and nothing more.").

As the Supreme Court of Georgia has explained further,

[OCGA § 5-6-10[3]] declares that a decision of this court shall be certified under the seal of this court to the court below and shall be respected, and in good faith carried into full effect, by the court below.  When the remittitur from this [C]ourt on the case's former appearance here reached the trial court, the only action under our decision and judgment that the court below could take was to make the judgment of this court the judgment of the trial court and to enter an order [in accordance therewith].

(Citations and punctuation omitted.) *Summer-Minter & Assocs. v. Giordano*, 231 Ga. 601, 607 (203 SE2d 173) (1973) (citing former Code § 6-1804, which contained the material language of OCGA § 5-6-10).[4]  See generally *Shepherd v. Shepherd*, 243 Ga.

---

[3] See generally OCGA § 5-6-10 ("The decision of the appellate court and any direction awarded in the case shall be certified by the clerk to the court below, under the seal of the court. The decision and direction shall be respected and carried into full effect in good faith by the court below. The remittitur shall contain nothing more, except the costs paid in the appellate court.").

[4] Such principles are also set out in *Giordano v. Stubbs*, 356 F. Supp. 1041, 1044 (N.D. Ga. 1973) ("Under Georgia law the decision of an appellate court must be respected and in good faith carried into full effect by the court from which the appeal was taken, Ga. Code Ann. § 6-1804 (1964), and generally the lower court fulfills this obligation by promptly entering an order making the judgment of the appellate court its judgment upon receipt of the remittitur.  Such an order is known as a judgment on the remittitur. If the appellate court has reversed a lower court's denial of a motion dispositive of a case – such as a motion to dismiss (demurrer) or a motion for summary judgment – the entry by the lower court of a judgment on the remittitur constitutes a final judgment and terminates the case, whereas generally in all other situations the case continues in the lower court until final judgment.") (citations omitted).  And  a "judgment on [the] remittitur" is expressly recognized by Georgia's cases such as *Nance v. State*, 274 Ga. 311, 311 (553 SE2d 794) (2001), *Yeomans v. Galbreath*, 259 Ga. 261, 261 (378 SE2d 864) (1989), *United Cerebral Palsy v. Dept. of Behaviorial Health*,

4

253, 254-255 (253 SE2d 696) (1979) (explaining that when appellate court reversed the trial court's decision, the only action that the trial court had authority to take was to enter an order to make the judgment of the appellate court the order of the trial court).

As the Supreme Court of Georgia has held, "The legal effect of the reversal of a judgment on appeal is to nullify the judgment below and place the parties in the same position in which they were before judgment." (Citation and punctuation omitted.) *Franklyn Gesner Fine Paintings v. Ketcham*, 259 Ga. 3, 4 (6) (a) (375 SE2d 848) (1989). Here, Davis has failed to cite – or even assert – that after the (presumed) filing of the remittitur in the trial court, the trial court entered a final judgment in the case.[5] See OCGA § 5-6-31 ("The filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article.").

Given the lack of any appealable judgment having been entered within the pertinent 30 day period before Davis filed his notice of appeal,[6] jurisdiction of this case

---

353 Ga. App. 387, 393 (837 SE2d 533) (2020), and *Wilann Properties I, LLC v. Ga. Power Co.*, 330 Ga. App. 311, 311 (765 SE2d 463) (2014).

[5] See generally *Massey v. Massey*, 294 Ga. 163, 166 (3) (751 SE2d 330) (2013) ("[A]n appellate court maintains jurisdiction over a case until it has issued the remittitur and the remittitur has been received and filed in the clerk's office of the court below. Only then does the trial court regain jurisdiction to take further action with respect to the judgment appealed.") (citations and punctuation omitted); *Chambers v. State*, 262 Ga. 200, 201-202 (2) (415 SE2d 643) (1992) ("[W]here the appellate court has issued the remittitur and it has been received and filed in the clerk's office of the court below, the trial court then has jurisdiction to take further action in the case.").

[6] Our conclusion accords with other precedents requiring that a notice of appeal be filed during the 30 day period following a *written* final judgment. See, e.g., *Seals v. State*, 311 Ga. 739, 739 (860 SE2d 419) (2021) ("[D]ead-docketing a count leaves that

in this Court did not vest.[7]

---

count undecided and, thus, leaves the entire case pending in the court below. Such a case cannot be appealed as a final judgment under OCGA § 5-6-34 (a) (1)[.]") (punctuation omitted); *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981) ("An oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is."); *Bass v. State*, 284 Ga. App. 331, 332 (643 SE2d 851) (2007) (although the trial court announced at the sentencing hearing that certain counts would be merged with others, as to each guilty verdict, "the trial court did not either (a) enter a written sentence, or (b) enter a written notation that the count merged into another"; the "case thus was not ripe for appeal at that time even though the trial court did enter a written judgment of conviction and sentence on other counts") (citation and punctuation omitted).

[7] There is no merit in Davis's argument that the jurisdictional issue is controlled by cases such as *Gillen v. Bostick*, 234 Ga. 308, 310-311 (1) (215 SE2d 676) (1975), *Coleman v. JP Morgan Chase Bank, N. A.*, 347 Ga. App. 118, 118, n. 1 (817 SE2d 567) (2018), and *Mitchell v. Cancer CarePoint*, 299 Ga. App. 881, 882, n. 1 (683 SE2d 923) (2009). Those cases recognize that a prematurely filed notice of appeal may ripen upon the subsequent filing of an appealable judgment; they do not provide further that an interlocutory order "ripens" into a final judgment, upon the filing of a remittitur, followed by a notice of appeal. Indeed, as noted above, this Court reversed the trial court's judgment in *Land-Ron I*, rendering the legal effect of "nullif[ing] the judgment below and plac[ing] the parties in the same position in which they were before judgment." (Citation and punctuation omitted.) *Franklyn Gesner Fine Paintings*, 259 Ga. at 4 (6) (a).

What is more, it is pursuant to OCGA § 5-6-34 (d) that "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below *shall be reviewed and determined* by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere[.]" (Emphasis supplied.) But that provision may be invoked only where an "appeal is taken from an order or judgment *pursuant to OCGA § 5-6-34 (a), (b), or (c).*" (Emphasis supplied). At this juncture, Davis has not satisfied that predicate; nor has he made any claim that OCGA § 5-6-34 (d) provides a jurisdictional basis for this

Consequently, this appeal is hereby DISMISSED.[8]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/22/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , *Clerk.*

---

Court to reach the complained of orders.

[8] The appellate record does not contain a copy of the remittitur as filed in the court below. Davis has thus submitted to this Court a motion to supplement the appellate record therewith. Such supplementation, however, would serve no purpose.

As we have explained above, even accepting arguendo that the remittitur was duly filed in the trial court as asserted by Davis, jurisdiction did not perfect for lack of a final judgment thereafter entered by the trial court. Therefore, Davis's motion to supplement is hereby DISMISSED AS MOOT.

7